JUDGE LINDSAY
delivered the opinion op the court.
Jack Bradshaw, who' was indicted in the Fayette Circuit Court for the murder of John Pearson, was tried and convicted of manslaughter, and sentenced to five years’ imprisonment in the penitentiary. The indictment charges that Bradshaw killed Pearson “by shooting him with a loaded pistol, and throwing his body from a railroad train while in motion.”
*577 There is some contrariety of testimony as to whether there was or not a pistol fired at the time of the alleged murder, and also as to whether deceased fell or was thrown from the train. The accused and the deceased, with other persons, were on the platform of a coach constituting one of a train of cars on the Lexington & Big Sandy Railroad. The theory of the prosecution is that Bradshaw first shot Pearson and then threw him from the moving train. His body was crushed and mangled by the wheels of the cars, which passed over him. Upon the trial witnesses, who were inside of the coach' immediately in rear of the platform from which Pearson fell or was thrown, were allowed to state that just at the time of the supposed killing they heard cries from persons on the platform that “Bradshaw has shot him!” “Bradshaw has pushed him off!” “Jack Bradshaw has killed him!” The accused objected to the admission of this testimony, and excepted to the decision of the court in overruling his' objections.
We are of opinion that this testimony was inadmissible. It is clearly hearsay, and does not fall within any of the exceptions to the general rule, that hearsay evidence is incompetent to establish any specific fact which in its nature is susceptible of being proved by witnesses who can speak from their own knowledge. (1 Greenleaf on Evidence, 99.)
The cries or exclamations allowed to be proved did not proceed from either one of the parties engaged in the transaction, nor from any one acting in concert with either of them. They do not constitute part of the res gestee. Contemporaneous expressions or exclamations of the assailant or of his coadjutors, or of the deceased in cases of homicide, may be proved for the purpose of illustrating the character or quality of the act. In the case of Lord George Gordon the cries of persons constituting the mob by which he was accompanied, and which recognized him as its leader, were admitted to show *578 that his intentions were unlawful and traitorous; but they were held admissible because they were uttered by parties who were themselves participants in the riotous and disorderly proceedings charged to have been instigated by the accused.
, , We are aware of no case in which it was held that the cries I or exclamations of persons in no way connected with the main ! fact were admissible as part of the res gestae. If either party ; is desirous of making available the facts known to such third Í persons, they must be put upon the witness-stand to prove not what they said at the time of the transaction, but what they then saw or heard. (1 Greenleaf on Evidence, section 108; Roscoe’s Grim. Evidence, pp. 20, 21; 1 Taylor on Evidence, section 531.)
We see no valid objection to any other of the rulings of the circuit court; but for the error in admitting incompetent testimony the judgment of conviction must be reversed.
The cause is remanded for a new trial upon principles not inconsistent with this opinion.