CASE 31.—ACTION BY ALONZO DOW JOHNSON'S ADMINIS-
TRATOR AGAINST THE LOUISVILLE RAILWAY
COMPANY FOR CAUSING THE DEATH OF PLAIN-
TIFF'S INTESTATE.—January 13.

# Louisville Ry. Co. v. Johnson's Admr.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

'Thos. R. Gordon, Judge.

Judgment for plaintiff.    Defendant appeals.—Af-
firmed.

1.  Evidence—Res Gestate — Declarations—Admissibility.—Decla-
    rations admissible as a part of the res gestae must, as a
    general rule, be made by one of the actors in the affair,
    contemporaneous in point of time with the principal trans-
    action, at or near to the place of its occurrence, and must
    explain the principal fact; but a declaration so far removed in
    point of time from the main fact as to make it a mere narrative
    of a past transaction, or a declaration, which does not explain
    the principal fact, or which was made at some distance from
    the place of its occurrence or by a bystander, is not admis-
    sible as substantive evidence as a part of the res gestae.
2.  Same — Rest Gestae —Declarations — Admissibility.—Declara-
    tions of the motorman in charge of the car which struck a
    pedestrian, made at the time and place of the accident in
    response to the statement of bystanders that a man had been
    killed, that he saw the man and his fate, and tried to make
    the stop, but could not, was admissible as a part of the res
    gestae.
3.  Same—Evidence—Res Gestae—Declarations—Admissibility.—
    Declarations of the conductor in charge of the car which
    struck a pedestrian, made to the motorman immediately after
    the accident, admonishing the motorman not to make any
    statement until called on to make one, are inadmissible as a

part of the res gestae because they do not explain the accident.

4. Appeal and Error—Harmless Error—Erroneous Admission of Evidence.—In an action against a street railway company for the death of a pedestrian struck by a car, the error in admitting the declaration of the conductor made to the motorman, whereby he admonished the motorman not to make any statement as to the cause of the accident, was not prejudicial.

5. Evidence — Declarations — By-standers.— Declarations of by-standers as to the cause of an accident to a pedestrian struck by a street car, though contemporaneous with the accident, are not admissible as a part of the res gestae.

6. Same — Evidence — Declarations—Bystanders.—In an action against a street railway company for the death of a pedestrian struck by a car, the declaration of a bystander that it was no wonder that decedent was hurt, in view of the conduct of his companions, was inadmissible, since the statement was merely an expression of opinion.

7. Same — Evidence — Declarations — Bystanders. — In actions against a carrier for injuries to a passenger jumping off a car in anticipation of a collision or other imminent peril, expressions of bystanders are properly admitted to show the danger that confronted the passenger, and that he acted with reasonable prudence in escaping.

8. Street Railroads—Operation of Cars—Duty of Motorman.—A motorman, from the time and immediately before the starting of his car, until it comes to a stop, must constantly keep a lookout for persons and vehicles on the track or so near thereto as to be in danger of being injured by the car.

FAIRLEIGH, STRAUS & FAIRLEIGH, FRED FORCHT, JR., and D. W. BAIRD for appellant.

## POINTS AND AUTHORITIES.

1. The testimony of appellee's witnesses W. H. Kahl and F. J. OWENS as to statements made and conversation had with the motorman and conductor in charge of appellant's car, was incompetent and prejudicial. (Southern Railway Company v. Thurman, 28 Ky. Law Rep. 700; Illinois Central Railroad Co. v. Watson' Admr., 25 Ky. Law Rep. 1362; Reem v. St. Paul City Railway Co., 77 Minn. 503; 80 N. W. 638 and 778; Butler v. Manhattan Railway Co., 143 N. Y. 417; 26 L. R. A. 46.)

2. The testimony of appellant's witness, Robert Morton, was competent, and the trial court erred in excluding the same. (Gulf

Louiville Ry. Co. v. Johnson's Admr.

or R. R. Co. v. Tullis, 91 S. W. 317; State v. Kaiser, 124 Mo. 651; Gulf or R. R. Co. v. Moore, 69 Tex. 631; State v. McLaughlin, 149 Mo. 19; Johnson v. St. Paul & W. Coal Co., 126 Wis. 492; 105 N. W. 1048; L. & N. v. Carrothers, 23 Ky. Law Rep. 1675; Louisville or Packet Co. v. Samuels, 59 S. W. 3.)

3. The first instruction given by the trial court was erroneous. (Lexington Rwy. Co. v. Vanladen's Admr., 32 Ky. Law Rep. 1047; L. & N. v. McCombs, 21 Ky. Law Rep. 1238; McClam v. Esham, 17 B. M. 156; Breeding's Heirs v. Taylor's Heirs, 13 B. Mon. 487; Mayes v. Farrish, 11 B. Mon. 41.)

BENNETT H. YOUNG for appellee.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On the night of August 11, 1907, Alonzo Dow Johnson was struck and killed by one of appellant's street cars just outside of the city limits of Louisville, while on his way to the city in company with a large crowd of people who had been spending the evening at Fountain Ferry Park, a pleasure resort near the city. For some reason, street car traffic was delayed, and a number of persons started to walk into the city in the road over which the street cars run. They had gone some distance, when a large motor car carrying a trailer came along. These cars were crowded with people, and, according to the testimony of several witnesses, were running at an unusually high rate of speed at the time Johnson, who was in the road with the other people, was struck. The theory of appellee is that Johnson was struck by the front end or fender of the first car; while appellant contends that he was walking on the roadway adjacent to the track and in no danger from the cars, but that, after the front end of the car had passed him in safety, he ran into, or

fell or was pushed by one of his companions against,
the side or middle of the motor car, causing him to fall
between the motor car and the trail car attached to
it. Each party introduced evidence in support of its
theory of the accident, and, the jury having found
against the appellant, it prosecutes this appeal from
the judgment entered on the verdict.

It is complained that the court erred in admitting
incompetent evidence and in rejecting competent evi-
dence, in giving instructions to the jury, and that the
verdict is not sustained by the evidence. Taking up
these points in the order named, the first error as-
signed is in permitting W. H. Kahl and F. J. Owens
to testify as to the statements made by the motorman
and conductor in charge of the car immediately at
the time of the accident. These witnesses said they
were present in the crowd that was walking up the
street when the accident occurred, and were among
the first persons to go to Johnson after he was struck;
that about the same time they reached the body, the
conductor and motorman came up, and they said to
the motorman, "You have killed a man back there,"
and the motorman said, "Well, I seen the man, I seen
his fate and all, and tried to make the stop, but
couldn't make it," and the conductor said to the mo-
torman, "Keep your damned mouth still, and don't
make any statement until you are called upon to make
one. The conductor and motorman both denied that
they made the statements attributed to them, which
were admited as evidence over the objection of appel-
lee; the trial court holding that the testimony was
competent as a part of the rest gestæ. It is not
seriously contended that these statements were not
made close enough to the time of the accident to be
admissible as a part of the res gestæ, but it is insisted

that the statement of the motorman threw no light on the accident, and did not explain or illustrate how it occurred, but was merely a narrative of what had happened; while the remark attributed to the conductor is said to have no connection whatever with the transaction, and for this reason was clearly incompetent.

No hard and fast rule can be laid down as to the admissibility of evidence as a part of the res gestæ. The facts and circumstances of each case are different, and the courts have come to the point of adjudging this question as it is presented by the particular case under consideration. This is well illustrated in the numerous decisions that may be found on the subject, as it is by the further fact that the courts are not harmonious in their treatment of the principle upon which the admissibility of the evidence rests. In some jurisdictions a liberal practice prevails, while in others the ancient rule has not been relaxed. But, generally speaking, the rule in this State is that declarations which would otherwise be incompetent to be admissible as a part of the res gestæ must be made by one of the actors in the affair, contemporaneous in point of time with the principal transaction under consideration, be made at or near to the place of its occurrence, and illustrate or explain how or what caused it to happen; but, if a declaration is so far removed in point of time from the main fact under investigation as to make it a mere narrative of a transaction that has happened, or if it does not illustrate or explain the principal fact, or was made at some distance from the place of its occurrence, or by a bystander or third party, the declaration is not admissible as substantive evidence or as a part of the res gestæ. Greenleaf on Evidence, section 107; Elliott on Evidence, volume 1,

section 542; Floyd v. Paducah Ry. Co., 64 S. W. 653, 23 Ky. Law Rep. 1077; McLeod v. Ginther, 80 Ky. 399, 4 Ky. Law Rep. 276; Illinois Central R. Co. v. Houchins, 101 S. W. 924, 125 Ky. 483, 31 Ky. Law Rep. 93; L. & N. R. Co. v. Ellis, 97 Ky. 330, 17 Ky. Law Rep. 259, 30 S. W. 979; L. & N. R. R. Co. v. Molloy, 122 Ky. 219, 28 Ky. Law Rep. 1113, 91 S. W. 685; C., N. O. & T. P. Ry. Co. v. Evans, 110 S. W. 844, 33 Ky. Law Rep. 596, 129 Ky. 152; Vicksburg, etc., R. Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. 172, 30 L. Ed. 299, 24 Am. & Eng. Ency. of Law, 660. Tested by this rule, we have no doubt that the statements of the motorman were competent as substantive evidence. It was coincident in time with the accident. It was made at the very place where the accident occurred, by one of the principal actors, and illustrated or explained a material point in the case by showing that the deceased was struck by the front end of the motor car, and not thrown or pushed against the side of it. The remark of the conductor was not competent, because it did not illustrate or explain how or what caused the accident; but neither was it prejudicial. It was addressed to the motorman. The admonition of the conductor that the motorman ought not to make a statement until he was called on to make one could not have influenced the jury either one way or the other. It was an idle speech that had no connection with the case and did not throw any light on any phase of it. In Illinois Central R. Co. v. Watson, 117 Ky. 374, 78 S. W. 175, 25 Ky. Law Rep. 1360, the court said: "The trial court erred in allowing the plaintiff to prove by Fred Collins that he said to the engineer, about two minutes after the accident, 'It looks like that engine could have been stopped before that,' and that the engineer said, 'well, damn it, that

won't bring the boy back.' What Collins thought
about the stopping of the engine was immaterial, and
the answer of the engineer was a statement of no fact
and was incompetent.'' If the remark made by the
conductor was prejudicial, its admission over the ob-
jection of the defendant would be reversible error;
but, although incompetent, the error is too trifling to
justify a reversal upon this ground. In the Watson
case a reversal was had, not because the court ad-
mitted the evidence mentioned in the excerpt from the
opinion, but upon the ground that the verdict was
palpably excessive.

The defendant company offered to prove by a wit-
ness that, immediately after the accident, he got off
the car before it stopped and went to the place where
the body of deceased was lying, and heard a man who
was in the crowd surrounding the body, but whom he
did not know, say, not in answer to any question, but
as a spontaneous exclamation, ''No wonder he was
hurt, the way you fellows were wrestling.'' The trial
judge refused to admit the statement heard by this
witness, and of this ruling appellant complains. In
support of the proposition that this evidence was com-
petent, our attention is called to L. & N. R. R. Co. v.
Carothers, 65 S. W. 833, 66 S. W. 385, 23 Ky. Law
Rep. 1675. That was an action brought by a passen-
ger on a train to recover damages for personal inju-
ries received in a collision, and it was said: ''The fact
that there were exclamations, outcries, or screams by
the other passengers may be shown as part of the res
gestæ; but the particulars of what they said do not
seem to have been material to any issue in the case.
The opinion in the Simpson case was intended to go
no further than this, and the opinion in this case is
modified to this extent.'' In the Simpson case (L. &

N. R. R. Co .v Simpson, 111 Ky. 754, 64 S. W. 733, 23 Ky. Law Rep. 1044), which was an action to recover damages for injuries sustained in the same collision in which Carothers was injured, the court said: "It was also shown by some of the witnesses that outcries and screams were made by passengers in this coach when the collision occurred, and that in the darkness great confusion reigned. None of this was objected to by appellant, so far as the record shows. The outcries and exclamations by others than appellee were not relevant matters to go to the jury, but we can not reverse for errors not excepted to at the time." In Louisville & Cincinnati Packet Co. v. Samuels, 59 S. W. 3, 22 Ky. Law Rep. 979, also cited by counsel for appellant, which was an action for damages for personal injuries sustained by the breaking of a plank, the plaintiff was permitted to prove that just before the plank broke some one hollered, "Look out, that plank is cracked." In commenting on this evidence, the court held it to be incompetent, although its admission under the circumstances was not a reversible error. With the exception of the rather misleading statement in the Carothers case, we know of no Kentucky case holding that the exclamations of bystanders are admissible. In Stroud v. Commonwealth, 19 S .W. 976, 14 Ky. Law Rep. 179, the court, in considering a question like this, said: "Whatever is said by a party to the occurrence or a coadjutor, in cases of homicide, is competent to show the character or quality of the act; but the statement of a bystander, who is in no way acting in concert with the parties to the transaction, does not constitute a part of the res gestæ." In Bradshaw v. Commonwealth, 10 Bush 576, the court, in holding evidence of this character incompetent, said: "It is clearly hearsay, and does not

fall within any of the exceptions to the general rule that hearsay evidence is incompetent to establish any specific act which in its nature is susceptible of being proven by witnesses who can speak from their own knowledge. The cries or exclamations allowed to be proved did not proceed from either one of the parties engaged in the transaction, nor from any one acting in concert with either of them. They do not constitute part of the res gestæ.'' To the same effect is Kaelin v. Commonwealth, 84 Ky. 354, 1 S. W. 594, 8 Ky. Law Rep. 293.

In our opinion, it would be a dangerous enlargement of the res gestæ rule to permit the declarations of bystanders in cases like this to be received as evidence. It would open wide the door for the admission of reckless or thoughtless or ill-considered exclamations, and at the same time would put it out of the power of the party whose interest they adversely affected to investigate, impeach, contradict, or explain the situation, temperament, character, or position of the declarant. To permit a person to testify that he heard a bystander state how or what caused an accident would sanction the admissibility of hearsay evidence of the most unreliable and unsatisfactory character. The declarations of agents and servants of a corporation, for whose acts the principal is responsible, when brought within the res gestæ rule, are permitted to be introduced for the purpose of fixing liability upon the principal, and upon these statements, if they are sufficient to sustain a verdict, the jury may rest their finding. And so the declarations of a party injured, if brought within this rule are competent in his behalf; but, to these actors in the occurrence, the admissibility of evidence as a part of the res gestæ should, except in rare cases, be limited. The bystand-

er in this case, who made the remark attempted to be introduced as evidence, was not a party to the transaction. He had no connection with it. The declaration was merely an expression of opinion on the part of the declarant. It did not describe anything he saw or did. If he had been introduced as a witness, it would not have been competent to have permitted him to make the statements attributed to him, and its inherent incompetency would have been aggravated by permitting another person to repeat it. Third parties are permitted to testify concerning what they saw, or what they did; but their declarations are not admissible. Although there is authority from other courts holding a contrary view, the cases in which declarations of bystanders have been admitted will generally be found to be actions against common carriers by persons to recover damages for injuries received in jumping off of cars in anticipation of a collision or other imminent peril. In this class of cases the outcries and exclamations of other persons are properly admitted to show the danger that confronted the passengers, and that they acted with reasonable prudence in escaping. Kleiber v. People Ry. Co., 107 Mo. 240, 17 S. W. 946, 14 L. R. A. 613; Twomley v. Central Park R. Co., 69 N. Y. 158, 25 Am. Rep. 163; St. Louis Ry. Co. v. Murray, 55 Ark. 248, 18 S. W. 50, 16 L. R. A. 787, 29 Am. St. Rep. 32; 24 Am. & Eng. Ency. of Law; 684; Senn v. Southern Ry. Co., 108 Mo. 142, 18 S. W. 1007; Mobile, etc., R. Co. v. Ashcraft, 48 Ala. 15; Indiana St. Ry. Co. v. Whitaker, 160 Ind. 125, 66 N. E. 433. But whatever may be the practice in other jurisdictions, we are satisfied with the soundness of the rule laid down by this court excluding the declarations or statements of bystand-

ers, and are not disposed to depart from it in cases similar to the one under consideration.

The next complaint is that the court erred in saying to the jury, as a part of instruction No. 1, that it was the duty of the motorman "to keep a lookout ahead for persons on the track, or so near thereto as to be in danger of being injured by the car." There is no merit in this criticism. It is the duty of a motorman, from the time and immediately before the car starts, until it comes to a stop, to be constantly on the lookout for persons and vehicles on the track, or so near thereto as to be in danger of being injured by the car; and this duty has been repeatedly declared by this court.

There was sufficient evidence to support the verdict, and the judgment is affirmed.