## Terry v. Johnson.

(Decided November 16, 1911.)

### Appeal from Breathitt Circuit Court.

Action to Quiet Title—Where Defendant Exhibits no Title.—Where the plaintiff, in an action to quiet title, exhibits a perfect title to the land, and is in possession at the time he institutes the action, and the defendant exhibits no title, the judgment should be for the plaintiff, (See Young v. Pace, et al., this day decided).

E. E. HOGG, O. H. POLLARD for appellant.

KASH & KASH, J. J. C. BACH, GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellee, Elisha Johnson, brought suit in the Breathitt Circuit Court to quiet his title to a tract of land. The defendant answered, traversing the material allegations of the petition, and further pleaded that he had been in the actual, adverse, peaceable possession of the land described in the petition for more than fifteen years. No reply was filed. Proof was taken, a great many wit-

nesses testifying pro and con in support of the respective contentions of the parties, and upon final submission the Chancellor adjudged plaintiff entitled to the relief sought. From that judgment this appeal is prosecuted.

A reversal is sought upon two grounds. First, it is insisted that, inasmuch as there was no reply to that part of the answer in which defendant pleaded that he had been in the open, adverse, notorious and peaceable possession of the land for more than fifteen years before the institution of the suit, he was entitled to a judgment dismissing the petition; and second, that as appellant was in possession of the land, claiming it as his own, at the time appellee procured a deed therefor, his deed was champertous and void, and the judgment should be reversed upon this ground.

This property, it seems, was owned by Elisha Terry, and at his death, in the partition of his real estate, the portion in dispute fell to his daughter, Nancy Gross. After the partition, the children, brothers and sisters, exchanged deeds among themselves, thus perfecting the title to the portion of their father's estate which fell to each. Nancy Gross conveyed by deed of general warranty to Elisha Johnson, the present owner.

Disposing first of the contention that appellant was entitled to a judgment on the face of the pleading, it is sufficient to say that so much of his answer as pleaded that he had been in the adverse possession of this land for more than fifteen years was not made a counterclaim against the plaintiff, nor is there anything in the pleading indicating that defendant intended it as a counterclaim. It is more in the nature of an affirmative denial, and it was evidently so treated by the parties at the time and during the progress of the trial, as no objection was then made that this part of the answer was not responded to by appropriate pleading. Nor was the point raised, so far as the record shows, in the trial court. The case was prepared on the issue as to whether or not the plaintiff owned the land. All the proof was directed toward establishing or refuting this proposition; and a judgment having been rendered in the case upon its merits, we would not now reverse it even if there was a defect in the pleading of the character indicated.

This identical question was decided by this Court in Fitzpatrick v. Vincent, 88 S. W. 1073. In that case Vincent sold to Fitzpatrick a tract of land and took a note

for $150.00 as part of the purchase price. The note being unpaid, suit was instituted on it. The defendant resisted payment, and, among other things, pleaded that the sale was champertous. There was no reply to this plea. The case was prepared as though the issues were made up and submitted for judgment. The decision having gone against Fitzpatrick, he appealed, and here for the first time raised the point that the plea of champerty interposed in the lower court had not been responded to. In passing upon this question, this court said that, while it was true that no reply was filed, both parties took proof on the issue without objection and appear to have submitted the case on the merits, for no motion for a judgment on the pleadings was entered in the lower court, and after judgment on the merits, where the parties had treated the issues as made up, it must be presumed that the affirmative matter in the answer was controverted of record, and that the order to this effect was not entered. In conclusion the court said:

"At any rate, the judgment will not be reversed for a defect of the pleadings where the objection was not raised in the Circuit Court."

Upon the second proposition, to-wit, that as appellant was in possession of the land at the time Nancy Gross conveyed it to appellee the deed was champertous, it is sufficient to say that the weight of the evidence is to the effect that appellant was never in possession of this land at any time except as tenant of his sister, Mrs. Gross. The decided weight of the evidence is to the effect that, in the division of their father's estate, this land in controversy fell to her, and she leased it to appellant for at least two years after it came to her possession; and while he introduces a number of witnesses who state that they saw him at work upon this land and exercising acts of ownership over it, such as cutting timber, plowing, etc., all of this evidence, when taken in connection with the other testimony, to the effect that he had rented the land of his sister, falls far short of establishing a claim of adverse holding in appellant. As tenant of his sister he had a right to do the very acts and things which the witnesses say they saw him doing upon the land. None of these acts, however, under the facts developed in the evidence, can be regarded as establishing, or even tending to establish, a holding adverse to his sister.

Appellee having exhibited a perfect title to the land,

and being in possession at the time he instituted the suit, and appellant having exhibited no title, the court was warranted in holding that he had none.

Judgment affirmed.