## Bevin's Admr. v. C. & O. Railway Co. and Schump.

### (Decided February 15, 1921.)

### Appeal from Lawrence Circuit Court.

1. Railroads—Crossings—Licensees—Personal Injuries.—One who sits or prostrates himself upon a railroad track, though it be at a public crossing or other place where persons are licensed to use the track, is in no better position than a mere trespasser; and in such case the servants of the railroad company in charge of and operating a train are only required to use ordinary care, after discovering his peril, to protect him from injury.

2. Railroads—Personal Injuries—Res Gestae.—The testimony of an attending physician regarding an alleged statement by a person injured by a train, explanatory of the manner of receiving his injuries, made more than a hour after they were received and shortly before his death, was not admissible as a part of the res gestae or otherwise competent.

3. Railroads—Action for Death—Evidence—Instructions.—Where in an action by the administrator of a decedent against a railroad company to recover damages for his death, the evidence was wholly to the effect and uncontradicted that when run over by the tender of one of its engines he was lying on the railroad track shortly after 1 o'clock of an unusually dark night; that the engine in charge of the engineer was slowly backing the tender at a speed

of between two and four miles an hour, the engine bell constantly ringing, the fireman with a lantern in his hand sitting on the end of the backing tender and keeping a constant look out ahead of it; and that the decedent on the track was not discovered by him until the tender reached him and too late to prevent it from running over him: Held, that such evidence authorized the peremptory instruction that was given by the trial court, directing a verdict for the defendant.

JOHN W. WOODS and ARTHUR T. BRYSON and A. O. CARTER for appellant.

M. C. KIRK, F. T. D. WALLACE, KIRK & KIRK and WORTHINGTON, COCHRAN, BROWNING & REED for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

About 1 o'clock a. m., October 30, 1916, on a public railroad crossing in the east end of the city of Catlettsburg, George W. Bevins was run over and injured by the tender of an engine belonging to the appellee, Chesapeake & Ohio Railway Company and operated by its servants. Bevins died from the injuries sustained in the accident an hour or two after they were received. Thereafter this action was brought against the appellee railway company and the appellee, Floyd Schump, the locomotive engineer in charge of the engine at the time of the accident, by the administrator of the decedent's estate seeking the recovery of damages for the latter's death, alleging that it was caused by the joint and concurring negligence of the appellees. The latter by joint and separate answer denied the negligence charged to them and alleged that in the matter of receiving the injuries which caused his death the appellant's decedent was himself. guilty of negligence which so contributed to his injuries and death, that but for same he would not have been injured or killed. The latter plea was controverted by reply and upon the issues thus made the case went to trial, which resulted in a verdict in favor of appellees, returned by the jury in obedience to a peremptory instruction from the court directing them to so find. The appellant was refused a new trial, complaining of which and of the judgment entered upon the verdict he has appealed.

The facts appearing from the evidence were as follows: appellee's railroad runs in an easterly and westerly direction at the crossing where the accident occurred and where it crosses the street or highway there are two tracks, one a main track, the other a switch. The train

of which the engine and tender by which Bevins was killed were a part, was an east bound freight, running from Ashland by way of Catlettsburg up the Big Sandy River Branch. Just prior to the accident the train had been brought to a stop near the crossing. The engine and tender were then uncoupled and moved on to the side track to take up several cars thereon to be attached to the train. The engine and tender in backing on the side track and over the crossing there struck and ran over the decedent, causing the injuries of which he died. The engine and tender were at the time moving at a speed of between two and four miles an hour, and the engine bell all the time ringing. The engineer and a brakeman were aboard, the former in the cab of the engine, and the latter on the rear of the tender with a lantern in his hand maintaining a constant lookout in front of the backing tender, as was the engineer from his position. The decedent was lying prostrate on the crossing and across the side track; why he had thus placed himself, whether from intoxication or some other cause, was wholly unexplained. It, however, appears that it was a very dark night and the atmosphere foggy. The brakeman testified that he did not see the decedent until the tender practically reached the crossing and was upon him and could not sooner have seen him. He then discovered a dark object on the track and at once signaled the engineer to stop, which the latter immediately obeyed, but the stop could not be effected until the tender ran upon the decedent's body. At the conclusion of the appellant's evidence the trial court gave the instruction directing a verdict for appellees. This action of the court was inevitable, as the facts related above furnished by the evidence of the engineer and brakeman were uncontradicted. It is true there was an attempt to prove by the physician who attended the decedent after the accident, that the later said he was standing and not lying on the side track when struck, waiting for a train to pass on the main track. But as this statement was made at a place removed from that of the accident and more than an hour after the accident, it could not be regarded as a part of the *res gestae* and was incompetent for any purpose whatever. Mathews' Admr. v. L. & N. R. R. Co., 130 Ky. 551.

It will readily be seen that the evidence was all one way and all to the effect that the injuries to and death of the decedent could not have been prevented by any kind of precaution or care on the part of the engineer or brake-

man, and that they were wholly due to his own negligence. In the following cases we held that one who sits or prostrates himself upon a railroad track, though it be a place where persons are licensed to use the track, is in no better position than a mere trespasser; and in such case the servants of a railroad company in charge of a train are only required to use ordinary care to protect him from injury, after discovering his peril. Louisville and Nashville R. Co. v. Smith's Admr., 216 S. W. 1063; C. N. O. & T. P. R. Co. v. Mayfield's Admr., 145 Ky. 395, 140 S. W. 310; Cornett's Admr. v. L. & N. R. Co., 181 Ky. 132, 203 S. W. 1054; Lyons, Admr. v. I. C. R. R. Co., 59 S. W. 507, 22 Ky. Law Rep. 1032; L. & N. R. R. Co. v. Bay's Admr., 142 Ky. 407, 134 S. W. 450, 34 L. R. A. (N. S.) 678.

As no cause whatever is shown for disturbing the verdict, the judgment is affirmed.