## White Construction Company v. Brooks.

(Decided January 17, 1928.)

## Appeal from Hopkins Circuit Court.

1. Waters and Water Courses.—In landowner's action against construction company for filling waterway crossing highway which obstructed natural flow of water, plaintiff's evidence that he saw trucks bearing defendant's name hauling and dropping rock which filled up the waterway was admissible as circumstance in determining whether defendant had made the obstruction.

2. Evidence.—In landowner's action against construction company for filling waterway in highway which obstructed natural flow of water, testimony of county judge that he called defendant's manager and told him of complaint that water was dammed up on road and that manager said he was willing to go out and see what could be done about it was inadmissible; its only value being that manager did not deny defendant had made obstruction.

3. Evidence.—Failure of agent to deny a fact is not evidence against principal, since even his assertion as to specific fact in the past cannot bind principal.

4. Evidence.—In landowner's action against construction company for filling waterway in highway which obstructed natural flow of water, testimony of county judge that he talked with defendant's superintendent who admitted that original bridge gave way and they filled space with limestone rock was inadmissible, where placing of rock in waterway took place a year prior thereto.

5. Evidence.—Where testimony of statement of a third person is competent, it should be confined to what he said, and witness should not state his conclusion from what the person said.

6. Evidence.—Declarations of corporate officers or agents are only competent against their principal when they are a part of the res gestae.

7. Evidence.—In landowner's action against construction company for filling waterway in highway which obstructed natural flow of water, testimony of weigher, that rock with which fill was made was weighed by him to defendant, was inadmissible where his knowledge as to rock being used for filling waterway was gained by what drivers had told him.

8. Waters and Water Courses.—In landowner's action against construction company for filling waterway in highway which obstructed natural flow of water, testimony of weigher at scales and stone crusher as to weight of defendant's trucks and how many

tons they carried as a load was admissible as circumstance in determining whether defendant had made obstruction.

9. Waters and Water Courses.—In landowner's action against construction company for obstructing natural drain which crossed highway, refusal to admit testimony that rainfall in question was unusual and extraordinarily heavy and such as no reasonably practical man would anticipate was error.

10. Waters and Water Courses.—In landowner's action against construction company for filling waterway in highway which obstructed natural flow of water, since plaintiff lived near by and saw defendant filling in the waterway and made no objection thereto nor asked for removal of obstruction until after flood, he could not claim punitive damages.

11. Waters and Water Courses.—Ky. Stats., secs. 4338 and 4343, forbidding obstruction of ditches along public roads, were not intended to protect adjoining property owners from obstruction of waterways which cross highway at right angles, and hence, in landlord's action for damages from obstruction of a waterway which crossed highway at a right angle, instruction that obstruction was in violation of statute should not be given.

ROBERT T. KIMBROUGH and GORDON, GORDON & MOORE for appellant.

J. F. GORDON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Lewis Brooks owned a tract of 23 acres of land in Hopkins county, lying on the north side of the Grape-Vine Sunlight turnpike road and west of a natural drain or waterway. A bridge had been construed on the highway over the waterway. The stone abutments were about 3 or 4 feet high and with 12 or 14 feet space between them. He brought this suit against the White Construction Company, alleging that it unlawfully and negligently broke down the bridge and then filled the waterway with rock up to about the level of the surface of the pike, so as to obstruct the natural flow of the water therein, and as the direct result of this the water was caused with great force to wash over his land, completely destroying part of it, to his damage in the sum of $1,000. By an amended petition he averred that the defendant knew when it did the above acts that in times of ordinary rainfall this would cause the waters to overflow his land and that the defendant's acts were wantonly done and were grossly negligent. He prayed

punitive damages in the sum of $500. The defendant filed answer denying the allegations of the petition.* The case came on for trial before a jury, who returned a verdict for the plaintiff in the sum of $500 for compensatory damages and $250 as punitive damages. The court entered judgment against the defendant for $750. The defendant appeals.

The obstruction was placed in the waterway in May, 1925. The action was brought August 28, 1926. The trial was had at the February term, 1927. Brooks testified on the trial that he lived on the land in question and that he saw the trucks hauling the rock and dropping the rock out of the trucks filling up the waterway, and that these trucks had on them the name ''The White Construction Company.'' The defendant objected to this evidence, but its objection was properly overruled, as the fact that its trucks hauled the rock was a circumstance properly to be considered by the jury in determining whether it had made the obstruction.

The plaintiff also introduced O. Stanley, who was the county judge in the year 1925, who testified that he called the manager of the White Construction Company and told him that complaint had been made that the water had been dammed up on the road, and, being asked what the manager said, he testified as follows, putting his statement in narrative form:

''He said he was willing to go out there and see the condition and see what could be done about it, see the damage that was being done and make an effort to correct it.''

The defendant's exception to this evidence should have been sustained. Its only value was that the manager did not deny that the defendant had made the obstruction. But the failure of an agent to deny a fact is not evidence against the principal, for even his assertion as to a specific fact in the past is not evidence against the principal. Duff Construction Co. v. Alford, 149 Ky. 595, 149 S. W. 943; Stone v. Van Noy, etc., Co., 153 Ky. 240, 154 S. W. 1092.

The plaintiff also introduced J. L. Hughett, who was the county judge in the year 1926, and testified that he found the original bridge had been broken in and the space filled in with limestone rock; that he talked to Mr. Graham, the White Construction Company's superin-

tendent, about it, and, being asked what Graham said, he answered:

> "He admitted they did it; he admitted the original bridge gave way and they had no way to cross, and.they filled the space with limestone rock."

The defendant's objection to this evidence should have been sustained. Where the statement is competent as to what the person said the testimony of the witness should be confined to what the person said. The witness here does not state what Graham said; he merely states his conclusion from what Graham said, and, if he had stated what Graham said, the court might not have put the same construction upon what he said. In addition to this, the declarations of an agent are only competent against his principal when they are a part of the res gestae. The thing done here was the filling of the ditch. This occurred in May, 1925. The conversation with Judge Hughett occurred in the year 1926. An agent has no authority to make an admission for his principal after the transaction to which it refers is concluded. While the rock in the ditch was a continuing obstruction, the putting of it there was a matter that took place a year before, and the admission of an agent, to be an admission of the principal, must be made during the transaction or so near it as to be a part of it. Barnes v. Eastin, 190 Ky. 392, 227 S. W. 578; Prestonsburg Gas Co. v. Vance, 215 Ky. 77, 284 S. W. 405, 47 A. L. R. 483; Sparks v. Maeschal, 217 Ky. 235, 289 S. W. 308.

> "Officers of a corporation are mere agents, and their declarations are binding upon it only when made in the course of, or in connection with, the performance of their authorized duties. We have written in the case of Craig's Adm'r v. Kentucky Utilities Company et al., 183 Ky. 274 (209 S. W. 33), the declarations of agents of corporations are binding on the corporations only when made in the course of, or in connection with, the performance of their authorized duties." Ehremann v. Old F. G. Walker Distillery, 197 Ky. 246, 246 S. W. 790.

Conrad Jones, who was working at the scales of the Sunlight Crush Stone Company, was permitted to testify that the rock with which the fill was made was weighed by him to the White Construction Company. But, on his cross-examination, he said he did not know anything

of his own knowledge about the rock being used to make the fill. The defendant then moved to exclude his testimony. The motion should have been sustained. He could not testify simply from what the drivers told him, and this is the effect of his testimony taken as a whole. The court properly overruled the objection of the defendant to the proof by him as to the weight of the trucks and how many tons they carried as a load. For this was a circumstance, taken with the other proof in the case, proper to be considered by the jury.

On the examination of Lorenzo Hays the court refused to allow the witness to testify that the rain in question was a very unusual and extraordinarily heavy rainfall, and such as no reasonably practical man would anticipate. On another trial the court will allow the defendant to show that the rainfall in question was extraordinary and such as in the exercise of ordinary care a person of ordinary prudence would not anticipate. If on another trial there is proof to this effect, an instruction should be given telling the jury that the defendant is not responsible for any damage done by such a rainfall as a person of ordinary prudence in the exercise of ordinary care would not anticipate.

The obstruction in the waterway consisted of a box made of oak plank, 12 inches wide and 2 inches thick; the box being 24 inches wide and 12 inches high and placed in the bottom of the drain. On top of this rock was piled up to the level of the road. There was no trouble with the water until the rainfall in question. Lewis Brooks lived only a few yards from the crossing. He saw the rock hauled; he saw them filling in the crossing, but made no objection and did not complain to any one of the obstruction of the waterway or ask the removal of the obstruction until after the flood came. The rule as to the allowance of punitive damages in cases of this sort is thus stated by this court in City of Covington v. Faulhaber, 178 Ky. 587, 199 S. W. 32:

> "The general rule is that, unless the nuisance is accompanied by circumstances showing a willful purpose to injure, or by acts manifesting a deliberate intent to oppress, the complaining party is only entitled to compensatory damages, or, as said in Wood on Nuisance, vol. 2, section 868; 'It is only in instances when the injury is inflicted from wanton

or malicious motives, or a reckless disregard of the rights of others, or when the act results in great hardship or oppression, that punitive damages are given.' "

There was no evidence warranting punitive damages under the above rule. Lewis Brooks knew the waterway better than the defendant, and he also knew how much land was drained by it and the danger to his land better than the defendant knew, for he lived there; yet he made no complaint though seeing the work done.

Sections 4338 and 4343, Kentucky Statutes, forbid the obstruction of ditches along the public road. The purpose of these statutes is the protection of the road. They are not aimed for the protection of the adjoining property owners in the case of a waterway which crosses the highway at right angles, and the obstruction of such a waterway does not come within the purview of these statutes. The court will therefore, on another trial, omit from instruction 1 the words, "then the said action by the defendant was in violation of the statute law of this state."

Judgment reversed, and cause remanded for a new trial.