# Cumberland Gasoline Corporation v. Fields' Adm'r.

(Decided June 8, 1934.)

(Rehearing Denied March 22, 1935.)

JOUETT & METCALF for appellant.

J. MOTT McDANIEL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellant has appealed from a $4,000 judgment recovered against it by the appellee for the death of his intestate, as a result of a fire in which he was burned.

In view of the conclusion to which we have come, we see no reason for a narration of the facts.

### The Boy's Statements.

Several witnesses were allowed to testify to things the boy said after the fire. The time the boy said these things is not definitely fixed; in fact, they were said at different times. The first one was said perhaps as

early as fifteen minutes after he received his injuries, and the last perhaps as late as two or three hours thereafter. We can only estimate the length of time that elapsed from what had happened in the meantime.

The first one was a call for help, and is of no importance. In later ones the boy undertook to narrate how he got burned. The general rule is thus given in 22 C. J. p. 460, sec. 549:

> "In order for a declaration to be admissible as a part of the res gestæ, it must be the spontaneous utterance of the mind while under the influence of the transaction, the test being, it has been said, whether the declaration was the facts talking through the party, or the party talking about the facts. * * * A consciousness of approaching death does not supply the element of spontaneity, or dispense with the necessity therefor. Waldele v. New York Cent., etc., R. Co., 19 Hun [N. Y.] 69."

The dividing line between admissibility and nonadmissibility lies between the words outcry and narration; between impulse and reflection. Such statements are rarely admitted where they are made in response to interrogation, as that tends to remove the necessary element of spontaneity. We have rejected such statements in a number of cases. See Early's Adm'r v. Louisville H. & St. L. Ry. Co., 115 Ky. 13, 72 S. W. 348, 24 Ky. Law Rep. 1807; Bevins' Adm'r v. C. & O. Ry. Co., 190 Ky. 501, 227 S. W. 794; Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502; Matthew's Adm'r v. L. & N. R. Co., 130 Ky. 551, 113 S. W. 459.

We have concluded that all evidence about what this boy said after the fire should have been excluded, and of course no evidence should have been admitted concerning what he said before the fire about not having any more matches.

This is excluded because it is self-serving and not so intimately connected with the fire as to be part of the res gestæ. If the boy in any of these conversations made any admissions against his interests, the defendant may prove that. The appellee should not have been allowed to exhibit to the jury any valve other than the one introduced in evidence, unless it be a valve of identical size and design and in perfect working order.

Whether with this evidence excluded there will be

enough left to require the submission of this case to the jury or to sustain a verdict against the defendant we do not decide. Those and all other questions not expressly decided are reserved.

Judgment reversed.