# Hall's Adm'r v. Burton Produce Co. et al.

(Decided Nov. 22, 1935.)

B. J. BETHURUM and WHEELER & WRIGHT for appellant.

BEN V. SMITH & SON, BEN D. SMITH and HUFFAKER, HOGAN & BERRY for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal entered upon a verdict returned by nine of the jury in an action wherein the administrator of Virgil Hall sought to recover of the appellees $50,000 for the alleged negligent killing of his intestate.

## The Facts.

On Monday, October 30, 1933, at about 10 p. m. Virgil Hall was driving north on route 27 in a model A Ford coupe on his way from Somerset, Ky., to Berea, and about a mile north of Science Hill his Ford collided with a 1½-ton truck belonging to appellees and driven by Rufus Burton, one of the appellees.

## The Invited Error.

There are but two grounds urged for reversal, and one is that the court erred in admitting the testimony of Eugene Pike and G. B. Bishop concerning the self-serving statements as to the cause of the accident made by Rufus Burton about ten minutes after the accident. In view of the lapse of time and the opportunity for reflection, this statement perhaps lacked the required spontaniety and explosiveness to render it admissible ordinarily. See Cumberland Gasoline Corporation v. Fields' Adm'r, 258 Ky. 417, 80 S. W. (2d) 28; Karsner v. Commonwealth, 235 Ky. 710, 32 S. W. (2d) 43; 22

C. J. p. 461, sec. 549; 10 R. C. L. p. 976, sec. 159. However, appellant had previously twice asked both Alonzo Stevens and Wm. R. Paul about this same conversation and made no objection when appellee asked Wm. R. Paul about it on cross-examination or when appellee's counsel asked appellee Rufus Burton about it, and appellant cross-examined Rufus Brown upon it; hence, if the subsequent admission of this were error, it was an error invited by appellant and of which he cannot complain.

The rule is thus stated in Wigginton v. Rule, 275 Mo. 412, 205 S. W. 168, 180:

"After appellants by their conduct had invited this line of inquiry, they should not now be heard to urge it as error. One of the fundamental rules governing trial conduct is that self-invited error cannot be made the basis of complaint."

See, also, 68 C. J. p. 1210, sec. 1064, 4 C. J. p. 703, sec. 2614, and Rourke v. Holmes Street Railway Co., 221 Mo. 46, 119 S. W. 1094, 133 Am. St. Rep. 468.

### The Verdict and the Evidence.

It is urged that the verdict is flagrantly against the evidence, but, when a verdict can be reasonably explained by what is in the record, it is not flagrantly against the evidence. See McCrocklin's Adm'r v. Lee, 247 Ky. 31, 56 S. W. (2d) 564.

This jury had the right to believe some witnesses and to disbelieve others, and it may have believed this collision occurred at the place where the broken glass was found on the highway; that the truck was then traveling on the west side of the highway with its right wheels on the west shoulder of the road as its tracks indicated; that it was not going at an excessive rate of speed, and plaintiff's witness Paul (one of those in the Ford) so testified; that the lights of the truck blinded the occupants of the Ford as Paul said; then, if that is true, the continued operation of the Ford without slackening its speed or giving warning of its approach was improper as we held in Downing v. Baucom's Adm'x, 216 Ky. 108, 287 S. W. 362; and the jury may have believed that, as it approached the truck, the Ford swerved, ran across the road and into the truck as Burton

testified. If the jury believed, as stated above, the verdict cannot be flagrantly against the evidence.

Judgment affirmed.