### Niles v. Steiden Stores, Inc.

Nov. 30, 1945.

Chas. Will and M. Joseph Schmitt for appellant.

Chas. W. Morris and Frank Garlove for appellee.

Opinion of the Court by Chief Justice Rees— Affirming.

The appellant, Dorothy Niles, was injured by a fall in one of appellee's stores in Louisville. She brought this action against the appellee to recover damages, and in her petition alleged that her injuries were caused by "the dangerous, slippery and unsafe condition of the floors * * *." On the trial of the case the jury returned a verdict for the defendant, and reversal of the judgment dismissing plaintiff's petition is sought because of alleged errors in the admission and rejection of evidence and in the instructions.

It was plaintiff's theory that the floor at the point where she fell had been oiled and left in a slippery and dangerous condition. Her own testimony on this point is vague. She assumed that the floor had been oiled and was slippery because "it looked unusually clean" and was "shiny." Wilson Bower, appellee's manager, was not in the store when the accident occurred, but Shirley Osborne, a butcher employed by appellee, was at the meat counter when appellant fell. The place of the accident

was about 13 ft. from the meat counter according to appellant, and about 25 ft. according to Osborne. He went to her assistance, and she got up and left the store. Appellant described her injuries as follows: "I had a skinned elbow, a bruised head and separation of the sacro iliac joint, which is the small vertebra or cartilage, or something, in my back, and, also, a discoloration of my hip and leg all of the way down." X-ray pictures were introduced in evidence, but the medical witnesses disagreed as to their interpretation. The weight of the medical testimony was to the effect that they showed no injury to the sacroiliac joint. Wilson Bower, manager of the store at the time the accident happened, and Shirley Osborne were introduced as witnesses by the appellant. They were asked concerning statements they were supposed to have made concerning the slippery condition of the floor, Bower to Mrs. Kathryn G. Elder the day after the accident and Osborne to appellant at the time of the accident. Both denied making the statements. Mrs. Elder testified that on the day after the accident she was in the store, and Bower told her Mrs. Niles had slipped and injured herself and the floor was slippery. The court instructed the jury to consider his testimony only for the purpose of contradicting Bower if, in their opinion, it did contradict him. Before Shirley Osborne testified appellant was asked these questions and made these answers:

"Q. Who picked you up? A. Mr. Osborne, the butcher.

"Q. Don't answer this question. At the time that he picked you up did he make any statements? A. Yes, he did."

The appellee objected and its objection was sustained, but the court ruled that appellant might make an avowal at the conclusion of her testimony. Out of the presence of the jury appellant made the following statement, which is incorporated in the record as an avowal: "When I fell and Mr. Osborne came over to pick me up I said to him, 'This floor is so slippery.' And he answered me, 'Yes, Mrs. Niles, I know it is.' "

Appellant insists that this alleged statement of Osborne was admissible as part of the res gestae, and that the alleged statement of Bower should have been admitted as substantive evidence. After the foregoing

avowal was made and after Osborne had testified, appellant was recalled and was permitted to state that Osborne said on the occasion in question that the floor was slippery. The court then admonished the jury that the testimony should be considered by them only for the purpose of contradicting Osborne if, in their opinion, it did contradict him. No objection to the admonition was made and no exception was taken. The statement attributed to Osborne was not part of the res gestae. He had nothing to do with oiling the floor, was not responsible for its condition, and was not a participant in the transaction in question. The admissions of an agent are not competent evidence against his principal unless they relate to and are made in connection with some act done in the course of his agency so as to form part of the res gestae. Louisville R. Co. v. Johnson's Adm'r, 131 Ky. 277, 115 S. W. 207, 20 L. R. A., N. S., 133; Borderland Coal Co. v. Kerns, 165 Ky. 487, 177 S. W. 266. The alleged declaration of Osborne was not respecting acts done within the scope of his authority. However, appellant cannot complain of the admonitions of the court restricting the purpose for which the evidence concerning alleged statements made by Bower and Osborne could be considered, since no objection to the admonition was made on either occasion.

Appellee's counsel was permitted to question appellant concerning prior accidents and illnesses, and it is insisted that this was error. In her petition she alleged that she received injuries which caused a severe shock to her entire nervous system, and that she had suffered and still suffered great and excruciating pain and mental anguish. It was shown that appellant had suffered from stomach ulcers since 1928, and there was medical proof that such a malady causes nervousness. This evidence was competent to show that any disability existing subsequent to appellant's fall in appellee's store was partly due to other causes. Chesapeake & O. R. Co. v. Cole, 281 Ky. 381, 136 S. W. 2d 5. The court properly admonished the jury as to the effect to be given such evidence. There was some proof concerning two operations, one for appendicitis many years before the accident in question. This was irrelevant, but was not prejudicial.

Robert B. Laufer, office manager of Steiden Stores, testified concerning the type of floor oil used by appellee in its stores and the manner of its application. Appel-

lant in her brief quotes a part of Laufer's testimony, and then asks: "Are not all of the above statements incompetent and hearsay evidence?" The answer is no, but, aside from this, not a single objection was interposed to the testimony of Laufer.

Appellant criticises instruction No. 1, which reads: "It was the duty of the defendant, its agents, servants and employees to exercise ordinary care to maintain its floors in a reasonably safe condition for the use of the customers in its store, and if you believe from the evidence that the defendant, Steiden Stores, failed in such duty, and that by reason of such failure, if any, the plaintiff was caused to be injured, then you will find for the plaintiff, but unless you so believe, you will find for the defendant."

This instruction presented the only issue in the case in a clear and concise manner. It seems to be appellant's theory that the instruction is erroneous because it fails to contain a statement to the effect that if the defendant knew of the slippery condition of the floor and failed to exercise ordinary care to correct such condition, the law is for the plaintiff. The instruction given by the court assumed that the defendant had notice of the condition of the floor, and was more favorable to the plaintiff than the instruction which she now suggests should have been given. Kroger Grocery & Baking Company v. Diebold, 276 Ky. 349, 124 S. W. 2d 505.

The judgment is affirmed.