**SEARS, ROEBUCK & CO. v. MURPHY.**
No. 11200.

United States Court of Appeals,
Sixth Circuit.
Jan. 17, 1951.

John L. Davis, Lexington, Ky. (John L. Davis, Lexington, Ky., on the brief; Stoll, Keenon & Park, Lexington Ky. of counsel), for appellant.

William C. Clay, Jr., Mt. Sterling, Ky. (Thomas M. Edwards, Jr., Mt. Sterling, Ky., on the brief; Clay & Edwards, Mt. Sterling, Ky., of counsel), for appellee.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

In the trial in the district court, without a jury, the appellee recovered a judgment of $2,333 against the appellant, Sears, Roebuck and Company, for personal injuries suffered by the appellee while shopping in the store of the appellant in Lexington, Kentucky. This appeal followed.

The trial judge found the facts substantially as follows: On August 16, 1948, in the Lexington, Kentucky, store of the appellant the appellee placed her hand upon an automobile seat cover which was being displayed to her and upon which were sharp

particles of glass that caused a serious and painful injury to one finger. At some time prior, the agent of the appellant had made some changes or repairs, as a result of which glass was scattered upon the seat covers; that the appellant was negligent in not exercising ordinary care to see that all glass particles, which are very dangerous to the handling of merchandise, had been cleaned up; that this failure to exercise ordinary care was negligence and was the proximate cause of the injury sustained by the appellee. The appellant contends that the trial judge erred in admitting incompetent evidence and in ruling that the evidence was sufficient to support a finding of negligence on the part of the appellant.

The evidence complained of is an alleged statement made by Melvin Burke, division manager of the appellant. The appellee, Mrs. Murphy, testified that she went to the appellant's store in company with a friend, Mrs. Nancy French, who was shopping for automobile seat covers; that Mrs. French found a pair of seat covers which she liked and asked the appellee what she thought about them; that the appellee laid her hand on the seat covers with a gesture of rubbing, and immediatley exclaimed—"Oh, my goodness! That cut me! Oh, get this out. Look, here, it's glass!"; that Burke, who was displaying the seat covers, said "What's glass, lady?" and raised the end of the seat cover; that the appellee said "Oh, look, it's falling all down in the corner here;" that Burke then said—"Well, there was a repair made here—" and following an objection by the appellant, which was overruled by the Court, he continued, "There was a repair made here a few days ago," and then he said "I suppose they have failed to get it all up;" that she was given first aid treatment at the store and later in the day went to a doctor; and that it was necessary to have medical treatment for a period of several months thereafter totalling an expense of $333.00. Mrs. French testified to substantially the same occurrences and exclamations. Mrs. French also testified that she saw fragments of either fine glass or something that looked just like glass on the seat cover in question, and in response to a question about how many fragments there were, stated that the palm of her hand would hold it. Appellant contends that the alleged statement of Burke was both hearsay and a conclusion, and was improperly admitted. The trial judge admitted it as a part of the res gestae.

It is well settled that the declarations of an agent are only competent against a principal when they are a part of the res gestae. White Construction Co. v. Brooks, 222 Ky. 621, 624, 1 S.W.2d 1076; Consolidated Coach Corp. v. Earl's Adm'rx, 263 Ky. 814, 817, 94 S.W.2d 6; Niles v. Steiden's Stores, Inc., 301 Ky. 80, 83, 190 S.W. 2d 876. Appellant's first contention is that in order for such statements to be part of the res gestae they must be made by an actor in the transaction rather than by a bystander. The Kentucky Court of Appeals so ruled in Louisville Railway Co. v. Johnson's Admr., 131 Ky. 277, 115 S.W. 207, 20 L.R.A., N.S., 133, 285, and this ruling has been later followed by that Court in subsequent cases. See Niles v. Steiden Stores, Inc., supra, 301 Ky. 80, 83, 190 S.W.2d 876. However the same Court recognized in Brandenburg v. Commonwealth, 260 Ky. 70, 74-75, 83 S.W.2d 862, that other Kentucky decisions have upheld the introduction of res gestae exclamations made by bystanders, and indicated, but without so holding, that such ruling was the correct one. The Kentucky Court of Appeals recognized this conflict in its rulings in Sparks Bus Line, Inc. v. Spears, 276 Ky. 600, 605—606, 124 S.W.2d 1031, where it stated that the rule in most jurisdictions is that an exclamation made by a bystander not a participant in the transaction may be admitted as part of the res gestae, and that, in any event, statements of a participant in an accident, though he is not a party litigant, are admissible as a part of the res gestae if the other requirements of the res gestae rule are met. In our opinion, Burke was such a participant in the accident as to bring him within the rule laid down in that case.

Appellant also contends that the statement of Burke was not admissible because it was a narrative of past events. In discussing the res gestae rule, it has generally been said that the declaration must be

a spontaneous expression of thought created by or springing out of the transaction itself rather than a narrative of a transaction that has happened. However, the rule as so stated does not mean that statements concerning past events are necessarily incompetent. The distinction which the cases draw is whether the statement was made so near in point of time to the accident as to exclude the presumption that it was the result of premeditation or design. If it was so far removed from the transaction as not to constitute a spontaneous utterance, it becomes merely a narration of past events, controlled by recollection and without the necessary element of spontaneity. As stated in Cumberland Gasoline Corp. v. Fields' Admr., 258 Ky. 417, 418, 80 S.W.2d 28,—"In order for a declaration to be admissible as a part of the res gestae, it must be the spontaneous utterance of the mind while under the influence of the transaction, the test being, it has been said, whether the declaration was the facts talking through the party, or the party talking about the facts." The opinion in that case also pointed out "The dividing line between admissibility and nonadmissibility lies between the words outcry and narration; between impulse and reflection." The same distinction was drawn by the Kentucky Court of Appeals in Castle v. Allen, 274 Ky. 658, 662-663, 120 S.W.2d 219, 221, where the Court pointed out that the statement of the witness "was not a spontaneous utterance while under the influence of the transaction, but was a narration of facts in response to interrogation." We think the statement of the Court in Louisville Ry. Co. v. Johnson's Admr., 131 Ky. 277, at 281, 115 S.W. 207, 209, 20 L.R.A., N.S., 133, upon which the appellant relies, is, when properly analyzed, a similar statement of the rule. The Court there said—"but, if a declaration is so far removed in point of time from the main fact under investigation as to make it a mere narrative of a transaction that has happened, * * * the declaration is not admissible as substantive evidence or as a part of the res gestae." Appellant also relies upon Cyborowski v. Kinsman Transit Co., 6 Cir., 179 F. 440, from this Court, where a declaration was ruled inadmissible because it was only the narrative of a past occurrence. However, that ruling was clearly based upon the conclusion of the Court that "It was not made contemporaneously with the accident, and was not, therefore, part of the res gestae." In the following cases the Kentucky Court of Appeals has held that spontaneous declarations were properly admitted in evidence although they referred to conditions which existed in the past, but which played a part in the cause of the accident: Louisville & N. R. R. Co. v. Foley, 94 Ky. 220, 228, 21 S.W. 866; Owensboro City Ry. Co. v. Rowland, 152 Ky. 175, 183, 153 S.W. 206; Lexington Street Ry. v. Strader, 89 S.W. 158, 28 Ky.Law Rep. 157, 158. In the present case, we are of the opinion that the statement of Burke had the necessary element of spontaneity to make it admissible and was not in reality a narrative of past events within the meaning of the rule.

Appellant also contends that the statement of Burke was merely an expression of his opinion and was inadmissible for that reason if for no other. The weight of authority is to the effect that the spontaneous exclamation of a participant in an accident is not admissible if it merely expresses the opinion or conclusion of the one so speaking. But this rule has not been strictly followed in Kentucky. Sparks Bus Line, Inc. v. Spears, supra, 276 Ky. 600, 124 S.W. 2d 1031; Louisville & N. R. Co. v. Earl's Adm'x, 94 Ky. 368, 373, 22 S.W. 607; Allen v. Cincinnati N. O. & T. P. Ry. Co., 143 Ky. 723, 725, 137 S.W. 230. In the Sparks Bus Line case, the Court said that the tendency of recent adjudications was to extend rather than to narrow the scope of the introduction of evidence as a part of the res gestae, and apparently was influenced in ruling admissible an exclamation expressing a conclusion by the spontaneity of the statement, regardless of the fact that it expressed a conclusion on the part of the person making it. In Foster v. Dukes, 301 Ky. 752, 193 S.W.2d 159, relied on by appellant, the Court ruled inadmissible the statements of a bystander which expressed an opinion, but it appears from the opinion

that the ruling was really based upon the fact that the statements were not "spontaneous utterances of thoughts springing out of the happening itself." In the present case, only a part of the statement expressed an opinion or conclusion, which obviously was a logical and reasonable conclusion to be drawn from the facts already brought to the Court's attention, and as a practical matter added nothing material to the case. We do not believe the ruling was prejudicial error.

 Appellant contends the evidence was insufficient to support a finding of negligence, and that such a finding by the Court was mere speculation and conjecture. It was not necessary for the appellee to prove by eye witnesses how the broken glass happened to be on the seat cover. The reasonable probability from the facts and circumstances surrounding the occurrence that such a condition resulted from negligence on the part of the appellant is sufficient to present a factual issue for the Court or jury. Perry's Adm'x v. Inter-Southern Life Ins. Co., 248 Ky. 491, 58 S.W.2d 906; Illinois Central Railroad Co. v. Frick, 256 Ky. 317, 76 S.W.2d 13; R. B. Tyler Co. v. Cantrell, 281 Ky. 718, 137 S.W.2d 401; Bryant v. Ellis, 222 Ky. 272, 300 S.W. 610. The dividing line between speculation and conjecture on the one hand and sufficient circumstantial evidence on the other is often difficult to draw and is largely a question of judgment. In the present case, the evidence showed numerous articles of glass merchandise in the area of the seat covers, and some fragile glass shelving not more than 30 inches distant; that on occasions some of the glass merchandise was broken; that some glass shelving had been replaced probably during 1948; that a repair had been "made here a few days ago," and that appellee's finger was cut by broken glass. In the usual and ordinary course of things such an accident would not have happened with proper care. Appellant made no explanation of the presence of the broken glass. We are of the opinion that there was sufficient circumstantial evidence to remove the case from the realm of speculation and conjecture.

The judgment is affirmed.