RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000414-MR

TIMOTHY RAY                                                    APPELLANT

v.

APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 15-CR-00265

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE:  Timothy C. Ray, Sr., the Appellant, challenges a jury verdict

finding him guilty of two counts of sexual abuse, first degree.  The jury

recommended a sentence of ten years:  five years for each count to run

consecutively.  And the trial court sentenced him accordingly.

Ray contends that the Commonwealth committed palpable error in introducing hearsay and bolstering evidence -- as well as in presenting evidence of his drinking habits and of an incident of having been stabbed by his wife, Cheryl. (Cheryl has since divorced him.) After our review, we find no error and affirm his conviction.

Ray was convicted of sexually abusing two of his granddaughters, E.L. and E.R., between September 2014 and September 2015; they were less than twelve years of age at the time. E.L., E.R., their younger sister, and their mother, Ally, all lived with Ray and Cheryl (the children's grandmother). The testimony presented at trial is set forth in the parties' briefs, and we need not repeat the salacious details for purposes of this Opinion.

Ray first argues that the Commonwealth introduced "an excessive and unnecessary amount of inadmissible evidence that improperly vouched for and bolstered" the testimony of E.L. and E.R. at trial. However, he acknowledges that the issue was not preserved and requests palpable error review under RCr[1]10.26, which provides as follows:

> A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

[1] Kentucky Rules of Criminal Procedure.

*Chavies v. Commonwealth*, 374 S.W.3d 313, 322-23 (Ky. 2012), upon which Ray

relies, holds that:

> A party claiming palpable error must show a probability
> of a different result or error so fundamental as to threaten
> a defendant's entitlement to due process of law. *Martin
> v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). Justice
> Cunningham, in his concurring opinion in *Alford v.
> Commonwealth*, once described the threshold for
> palpable error: "It should be so egregious that it jumps
> off the page . . . and cries out for relief." 338 S.W.3d
> 240, 251 (Ky. 2011).

This case does not meet that criterion of egregiousness.

In its opening statement, Ray argues that the Commonwealth "took

the jury down the line of hearsay and other improper evidence that it later

introduced." However, as the Commonwealth notes, "[o]pening and closing

statements are not evidence and wide latitude is allowed in both." *Wheeler v.

Commonwealth*, 121 S.W.3d 173, 180 (Ky. 2003) (citation omitted).

Ray contends that it was improper for the Commonwealth to ask E.L.

and E.R. whether they had told the truth when they testified at trial and during their

forensic interviews at Hope's Place -- and that it was improper for them to tell the

jury that they were telling the truth. We do not agree.

In *Tackett v. Commonwealth*, 445 S.W.3d 20, 33 (Ky. 2014), the

defendant argued that the testimony of a victim of sexual abuse constituted

impermissible bolstering where the Commonwealth had asked if he was telling the

truth, if he had any reason to lie, and if his testimony was accurate. Our Supreme Court held that admission of the disputed testimony was **not** palpable error. The witness had already been sworn to tell the truth. Therefore, his "testimony that he was doing so posed little risk of short-circuiting the jury's credibility determination." *Id.* (internal quotation marks and citation omitted).

Ray also claims that palpable error occurred when several witnesses improperly bolstered or vouched for the children's testimony; namely: Deana Raney, a forensic interviewer with Hope's Place; K.E., the children's older cousin; Megan Hankins, a social worker; and Lieutenant Allan Bowling. "The rule against bolstering or vouching addresses attempts by one witness to express belief in the credence of another witness." *Ruiz v. Commonwealth*, 471 S.W.3d 675, 683 (Ky. 2015) (citation omitted).

We have carefully reviewed the record in this case, and we conclude that Ray's assertions of error do not rise to the level of palpable error. "Implicit in the concept of palpable error correction is that the error is so obvious that the trial court was remiss in failing to act upon it *sua sponte.*" *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017).

Ray next contends that he was denied a fair trial due to allegedly "irrelevant and prejudicial testimony" about how witnesses learned of the allegations and to whom they were relayed. Ray submits that "[i]t makes no

difference that the Commonwealth cleverly attempted to avoid the hearsay problems by instructing the witnesses in front of the jury to not explicitly say what was said to them in each instance." Ray argues that even if the evidence were "tangentially relevant," the danger of undue prejudice outweighed any probative value. His assertions of error are tenuous and conclusory, and they do not rise to the level of palpable error.

Ray's final argument is that he was denied a fair trial by the Commonwealth's continued emphasis on his drinking habits and the fact that his ex-wife stabbed and divorced him after learning of the allegations against him. Ray acknowledges that the issue was not preserved, and again he requests palpable error review.

Ray addressed his alcoholism directly in his own opening statement as set forth at page 11 of Appellee's Brief. Furthermore, Ray "opened the door" by cross-examining Lieutenant Bowling about the stabbing incident. We agree with the Commonwealth that any error -- if indeed there was error at all -- was invited. Therefore, it was waived and is not subject to palpable error review. *Mullins v. Commonwealth*, 350 S.W.3d 434, 438-39 (Ky. 2011). *See also Hall's Adm'r v. Burton Produce Co.*, 262 Ky. 36, 88 S.W.2d 938, 938 (1935) (in which appellee's counsel asked appellee about the cause of an accident). Because appellant's counsel made no objection and cross-examined the appellee about it, the Court

held that if "this were error, it was an error invited by appellant and of which he cannot complain." *Id.*

Finding no error, we AFFIRM the judgment of the Boyd Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General
Frankfort, Kentucky