CASE 57.—ACTION BY J. E. HOUCHINS AGAINST THE ILLI-
NOIS CENTRAL RY. CO. FOR DAMAGES FOR
PERSONAL INJURIES.—April 26.

# Illinois Central Ry. Co. v. Houchins

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment    for    plaintiff.    Defendant    appeals.
Affirmed.

1.  Pleading—Amendment—Changing Burden of Proof—Discretion
    of Court—Under Civil Code Prac., section 134, authorizing
    the court in furtherance of justice to permit a pleading to
    be amended, it was proper for the court on the second trial
    of an action for personal injuries negligently inflicted to
    deny defendant's application for leave to file an amended
    answer to secure the closing argument by eliminating all
    questions in issue at the first trial, save the extent of
    plaintiffs injury and the damages therefor.

2   Evidence—Res Gestae—Statement by Person Injured—Declara-
    tions of a railroad engineer as to the cause of the accident
    made in not less than five minutes after a wreck to his
    train, and to the first person who reached him while he was
    lying within a few feet of the wreck, was a part of the res
    gestae and admissible as against the company.

3.  Appeal—Harmless Error—Erroneous Admission of Evidence—
    The error, if any, in admitting in evidence the declaration
    of an employe in an action against the employer, is harmless
    where the declaration was merely cumulative testimony.

4. Same—Law of the Case—An instruction approved on appeal is the law of the case on a subsequent trial.

BROWDER & BROWDER, attorneys for appellant.

R. Y. THOMAS, JR., J. M. DICKINSON, TRABUE, DOOLAN & COX, of counsel.

We earnestly insist that in this case we had the right to so amend the appellant's answer as to make that pleading conform to the facts which were within our knowledge, and for the further purpose of securing the benefit of the concluding argument. It is perfectly clear that the proposed amendment did not change substantially the claim of the appellee or the defense of the appellant. The only restriction placed upon the power of the trial court to permit the amendment to be filed, is that he shall not do so, if the proposed amendment substantially changes the plaintiff's claim, or the defendant's defense.

## AUTHORITIES.

Civil Code, section 134; Champion v. L. & N. R. R. Co., 24 Ky. Law Rep. (part 1) 87; Southern Ry. v. Steele, 28 Ky. Law Rep., 764; Royal Ins. Co. v. Schwing, 87 Ky., 410; O'Connor & McCulloch v. Henderson Bridge Co., 95 Ky. 633; Lucas v. Hunt, 91 Ky., 279; Tarvin & Hall v. Timberlake, 18 Ky. Law Rep., 807; Civil Code, section 526; Trippe v. Cook, 26 Wend., 152; Bundy v. Hyde, 50 N. H., 120; L. & N. R. R. Co. v. McCoy, 81 Ky., 403; L. & N. R. R. Co. v. Kelly's Adm'r, 100 Ky., 421.

B. F. PROCTER for appellee.

G. H. HERDMAN and R. L. GREENE, of counsel.

## SUMMARY AND AUTHORITIES.

1. Filing of an amendment rests in the discretion of a trial judge. It will not be permitted to get the concluding argument. (Southern R. R. Co. v. Steele, 90 S. W., 548, 28 Ky. Law Rep. 764; L. & N. R. R. Co. v. Ritter's Adm'r, 13 Ky. Law Rep., 44.)

All facts were in possession of defendant when its first answer was filed and no amended answer should have been filed. The second amended answer was filed against objection of appellee, and in that amendment it is alleged that appellant's counsel at Greenville were not in possession of the facts. The attorneys

Illinois Central Ry. Co. v. Houchins.

at Greenville were again changed and the new attorneys want again to plead. All the facts may not be in the possession of the attorneys, but if in the possession of defendant they must be pleaded in the original answer unless mistake and injustice be shown. (Brady v. Peck, 99 Ky., 42, 17 Ky. Law Rep., 1356, 34 S. W., 906.)

2. Res gestae. Declarations made in ten minutes is a part of the transaction and competent. (L. & N. R. R. Co. v. Foley, 15 Ky. Law Rep., 17; G. C. & S. F. R. R. Co. v. Compton, 13 S. W., 667 (Texas).

3. Answer may be read as evidence. (Edwards v. Mattingly, 23 Ky. Law Rep., 1046, 53 S. W., 1032.)

4. Verdict not excessive. A boy nine years old was given $10,000. This court approved it as did the trial judge. (C. & O. Ry. Co. v. Davis, 60 S. W., 14, and authorities—opinion by Judge Hobson.)

In I. C. R. R. Co. v. Stith's Adm'r,—opinion by Commissioner Carroll, January 22, 1907, this court said in substance that a second verdict obtained by law fixed by this court on a former appeal will not be reversed on a second appeal in the absence of substantial errors to the prejudice of the rights of appellant. (99 S. W., 303, Ky. Law Rep.)

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is the second appeal of this case. The former opinion in which the facts are set out in detail is found in 121 Ky. 526, 89 S. W. 530, 28 Ky. Law Rep. 499, 1 L. R. A. (N. S.) 375.

Upon a retrial plaintiff recovered a judgment for $6,500, and the defendant company seeks a reversal of this judgment primarily upon two grounds: First, That the trial court erred, to its prejudice, in refusing to permit an amended answer to be filed, in which, for the purpose of securing the closing argument, the defendant company admitted that the injuries complained of by the plaintiff, if any, were the direct and natural result of the gross negligence of the company, and further admitted that plaintiff had been damaged and offered to confess judgment in

satisfaction of such damages in the sum of $300; and, for the further reasons, that the trial court erred in permitting the witness Shegogg to testify to a conversation he had with the engineer, Robert Williams, about five minutes after the accident occurred, in which said Williams told the witness that the collision was caused by his failure to read his time card right. Appellant insists that had the trial court permitted the amended pleading to be filed it would have eliminated from the case every question save the extent of appellee's injury and the assessment of damages therefor; that the evidence brought on the former trial showed conclusively that the accident was due to the gross negligence and carelessness of the employes of the appellant company; that, knowing that the evidence must be the same, the amendment was prepared and offered in good faith, and that it was a substantial error highly prejudicial to the rights of appellant for the court to refuse to permit it to be filed. Section 134 of the Civil Code of Practice provides that: "The court may, at any time, in furtherance of justice, on such terms as may be proper, cause or permit a pleading or proceeding to be amended," etc. Under this section of the Code the trial court would have been warranted in permitting the amended answer to be filed had he, exercising a sound discretion, been of the opinion that to permit same to be filed would have been in furtherance of justice. In the case of the Louisville & Nashville Railroad Company v. Ritter's Adm'r, 13 Ky. Law Rep. 44, it is said: "The defendant having made an issue which confessedly gave to plaintiff the concluding argument to the jury, and earnestly fought the issue before the jury upon several trials, the court did not abuse its discretion in refusing to allow the

defendant to file an amended answer abandoning this issue for the mere purpose of getting the concluding argument to the jury.'' In the case before us appellant admits that the sole object, aim, and purpose had in offering to file the amended answer was to get the burden. On a former trial the pleadings had been completed, the issues made up, and, when so made, the burden was upon the plaintiff. The case had been tried out under the issues as thus presented. and we do not think that the trial court abused its discretion in refusing to permit the amendment to be filed. Appellant insists that upon the former trial the pleadings had been so drawn by it, under the rulings of this court as they were then understood, as to warrant the trial court in holding that it had the burden, and hence the right, to make the closing argument, and that, in offering to file the amended answei. it was endeavoring to conform to the rulings of this court as laid down in the case of the Southern Railroad Company in Kentucky v. Steele, 90 S. W. 548, 28 Ky. Law Rep. 764; that the trial court, upon being informed that the amendment sought to be filed to make the pleading conform to the requirements of the rule. as laid down in the Steele case, supra, should have permitted it to be filed. To this reasoning we cannot agree. It is never the duty of the trial court to permit an amendment to be filed, save when, in the exercise of a sound discretion, the ends of justice will be furthered thereby. The better practice would be to hold that after the pleadings have been made up it would not be in furtherance of justice to permit an amendment to be filed for the sole purpose of shifting the burden to the party seeking to be benefited thereby and get the closing argument to the jury.

As to whether or not the trial court erred to the prejudice of appellant in permitting the witness Shegogg to detail a conversation which he had with the engineer Williams almost immediately after the accident, a question fraught with no little difficulty is presented. If this conversation was so closely connected and identified with the accident that it may be properly considered to form a part of the res gestæ, then the trial court did not err in permitting it to go to the jury. On the other hand, if it was not so intimately connected with the accident as to form a part of the res gestæ, it should not have gone to the jury, and the trial court erred. In the case of Hermes v. Chicago, etc., Railroad Co., 80 Wis. 590, 50 N. W. 584, 27 Am. St. Rep. 69, "res gestæ" is defined as meaning the "circumstances, facts and declarations which grow out of the main fact, contemporaneous with it, and serve to illustrate its character." And in the case of Coffin v. Bradbury, 3 Idaho (Hasb.) 770, 35 Pac. 715, 95 Am. St. Rep. 37, it is said: "Time is not necessarily a controlling element or principle in the matter of res gestæ, and declarations made under circumstances to warrant the court in presuming that they grew out of the litigated issue and illustrate the true character of the transaction, and were dependent upon it, were not designedly made or devised, for a self-preserving purpose, are evidentiary facts, and not within the rule applicable to hearsay evidence. Such declarations are admissible, although not made at the exact time of the occurrence of the principal fact in issue." In the case of Butler v. Manhattan Railway Company, 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738, the court held that an insulting remark made by a brakeman immediately after inflicting an injury upon a

passenger, by his neglect, is not admissible against his employer unless calculated to unfold or qualify the principal act. In the case of Leahey v. Cass Avenue, etc., Railway Company, 97 Mo. 165, 10 S. W. 58, 10 Am. St. Rep. 300, it was held that a declaration to be a part of the res gestæ need not be coincident in point of time with the main fact to be proven. It is sufficient if the two are so nearly connected that the declaration, in the ordinary course of events, can be said to be the spontaneous exclamation of the real cause, or the subsequent declaration and the main fact at issue, taken together, form a continuous transaction, then the declaration is admissible, but a mere subsequent declaration is not of itself a sufficiently connecting circumstance to make it admissible. In the case of Keefer v. Pacific Mutual Life Insurance Company, 201 Pa. Stats., 448, 51 Atl. 366, 88 Am. St. Rep. 822, it was held that "no fixed time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestæ. Each case must necessarily depend on its own circumstances to determine whether the facts offered are really a part of the same continuous transaction." This seems to us to be the sound rule. It must be determined from the facts and circumstances surrounding each particular case as to whether or not statements made after the happening of the event are to be considered a part of the res gestæ. In the case of Floyd v. Paducah Railway & Light Company, 64 S. W. 653, 23 Ky. Law Rep. 1077, this court held that the declaration of a motorman made at the place of the collision a few minutes after it occurred, to the effect that he had seen plaintiff for 150 yards, and that he made no effort to apply the brakes until the collision was about to occur, was admissible as

a part of the res gestæ, as the declaration grew out of the transaction and formed a part thereof. Applying this rule to the case before us, the declaration of the engineer, Williams, made in not less than five minutes after the accident to the first person, so far as the record shows, who got to him, while he was lying upon the bank within a few feet of the wreck, may properly be considered a part of the res gestæ, and, being such, the trial court did not err in permitting it to go to the jury.

We are further of opinion that appellant was not prejudiced because of the introduction of this testimony, for the reason that it is practically conceded by the pleadings and other proof in this case that the accident complained of was due to the fact that those in charge of the engine which moved out on to the track, one of them being the engineer, Williams, had make a mitsake in reading their time card, and that because of this mistake, and due solely to it, the accident occurred. This being true, the testimony as to what the engineer, Williams, had said upon this point, was merely cumulative.

Appellant also complains that the court should have defined gross negligence to be the absence of slight care, and that this instruction should have been given in lieu of instruction No. 2; but it is a sufficient answer to this objection to say that the court upon the last trial gave to the jury the same instruction upon this point as was given upon the former trial. Hence instruction No. 2 was, under the oft repeated rule of this court, the law of this case upon that point.

There was a sharp conflict in the testimony as to the extent of plaintiff's injuries. This question was submitted to a properly instructed jury, and, as we find no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.