## Louisville & Nashville Railroad Company v. Miller.

(Decided June 3, 1913.)

### Appeal from Bell Circuit Court.

1. Pleading—Lost Time—Defective Pleading—Introduction of Evidence Without Objection.—When lost time is pleaded, but in a defective manner, and there is no motion to make the petition more specific, and evidence on the question is heard without objection, the adverse party will not be heard, after the court has properly instructed the jury and a verdict has been returned. to complain of the admission of the evidence and the instruction based on it. The error of the court in so instructing the jury will be deemed to be waived.

2. Evidence—Res Gestae.—Evidence of a statement made by the injured party two or three minutes after he was injured is admissible as a part of the res gestae.

3. Evidence—Improper Admission—Error.—In an action for damages for personal injuries, statements of plaintiff's mother to the effect that when plaintiff reached her house after he was injured she regarded his condition as serious because he was complaining, groaning and "taking on," even though inadmissible, is not of sufficient importance to justify a reversal.

4. Pleading—Amended Answer—Refusal—Abuse of Discretion.—The refusal of the trial court to permit the filing of an amended answer offered during the progress of the trial which in effect changes the defense and is not verified, and no reason is shown why it was not previously filed, is not an abuse of his discretion.

5. Verdict—Excessive.—In an action for damages for personal injury, evidence examined, and a verdict of $1,000 held not excessive.

J. W. ALCORN, C. W. METCALFE and B. D. WARFIELD for appellant.

J. W. RAWLINGS, ROBERT HARDING and E. V. PURYEAR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injury, plaintiff, J. T. Miller, obtained a verdict and judgment against the defendant, Louisville & Nashville Railroad Company, in the sum of $1,000. The railroad company appeals.

The facts are as follows: Plaintiff was a brakeman in the employ of the defendant. The accident occurred in Bell County about seven miles from Pineville. The engineer, with seven or eight cars attached to the engine, was proceeding to a point where a box car was standing, for the purpose of moving the box car. The brake on the box car was set. The other cars attached to the engine were gondolas. When the cut of cars reached the box car, plaintiff coupled the box car to the train. He gave the engineer a signal to stand still. He then climbed on the box car for the purpose of releasing the brake. It was the duty of the engineer, under the rules of the company, to stand still until he got the signal from plaintiff to move. After the cut of cars was attached to the box car the engineer attempted to move the train, but was unable to do so. He then moved forward a few feet in order to take the slack out of the train, and backed his train with great force and violence, without having received any signal from plaintiff to move the train. Plaintiff fell from the box car and struck his back on the end of the gondola, and then fell to the ground. According to the evidence for the defendant, the engineer moved the train at the time with no more than the usual force, and he acted on a signal from a brakeman by the name of Eaton, who was on the third car and who claims to have received a signal from plaintiff to move the train. Plaintiff denies that he gave him a signal for the train to move.

The first error relied on is the action of the court in authorizing a recovery for lost time. The petition, after setting forth the negligence relied on, and the character of plaintiff's injuries, concludes with the following:

"And he has been disabled and lost time and been permanently injured, all of which has been and is to his damage in the sum of $10,000."

It is insisted that as lost time is an item of special damage, and as the petition alleges neither the amount of time lost nor the amount of damages sustained on that account, the court erred in submitting the question of lost time to the jury. The following cases are relied on to sustain this position: Lexington Ry Co. v. Britton, 130 Ky., 676; Central Ky. Traction Co. v. Chapman, 130 Ky., 342; Bluegrass Traction Co. v. Ingalls, 140 Ky.,

488. In this case lost time was pleaded, but in such a defective manner that had a motion been made to make the petition more specific, it should have been sustained. No such motion was made. Thereafter evidence on the issue of lost time was heard without objection. It is the rule that where a matter in issue is defectively pleaded, and a party offers evidence in support of the matter so defectively pleaded, and there is no objection to its introduction, the adverse party will not be heard, after the court has properly instructed the jury and the verdict has been returned, to complain of the admission of the evidence, or the instruction based on it. In such a case the adverse party should object to the introduction of the evidence, and if he fails to do so, the error of the trial court in instructing the jury upon an issue not properly pleaded will be waived, although a general exception may be saved to the instruction. Lexington & Eastern Ry. Co., et al. v. Field, 152 Ky., 19.

The evidence of Raymond Sinkhorn and of Henry Miller, who testified that they got to plaintiff within two or three minutes after he was injured, and the plaintiff said he was hurt in the back and hip, and that he was lying there all, doubled up on the ground and groaning and hollering, was competent as being part of the *res gestae*. C., N. O. & T. P. Ry. Co. v. Martin, 146 Ky., 260; I. C. R. R. Co. v. Houtchens, 125 Ky., 483; L. & N. R. R. Co. v. Foley, 94 Ky., 221.

The evidence of plaintiff's mother to the effect that when plaintiff arrived at her house after the accident she regarded his condition as serious, and based her opinion on the fact that he was complaining, groaning and "taking on," even if inadmissible, was not of such important character as to justify a reversal.

Among other things, the petition averred that "it was the duty of defendant's engineer in charge of said train not to move same forward until he should receive a signal to do so from this plaintiff, and until said brake was released." The petition then alleged that the movement of the engine was contrary to such duty. This averment was not traversed by the original answer. During the trial the defendant offered to file an amended answer in the following words: "The defendant, for amended answer, denies that it was the duty of the defendant's engineer in charge of said train not to move same forward until he should receive a signal from him to do so or until said brake was released." The plain-

tiff objected to the filing of the amended answer, and the court refused to permit it to be filed. The amended answer is made a part of the record. The purpose of filing the amended answer was to enable defendant to show that a brakeman by the name of Eaton, who was between the engineer and plaintiff, received the signal to move the train and thereupon transmitted it to the enginer; that the engineer had the right to receive a signal from Eaton, and if Eaton signaled him to move the train without a signal from plaintiff to do so, it was Eaton's negligence, or the negligence of a fellow servant, that caused the injury, instead of the gross negligence of the engineer. It will be seen, therefore, that the amendment would, in effect, have entirely changed the defense. This being true, and the amendment not having been verified, and no reason having been shown why it was not previously filed, the trial court, in refusing to permit it to be filed, did not abuse a sound discretion.

Lastly it is insisted that the verdict is excessive. The evidence shows that plaintiff fell from the top of a box car 12 or 14 feet high. His back first struck on the end of one of the gondolas, and he then struck the ground. He was confined to his bed for about three weeks. He says that he suffered severely from his injuries, and while after that time he had attempted to work, he could not work as he had formerly done, and always suffered when he did work. There is also evidence to the effect that he suffered from variocoele, and that his right kidney was displaced, and that this condition was due to his injury. One of the physicians testified that this condition would be permanent unless relieved by surgical operation. In view of these facts, and of the fact that the verdict is only for the sum of $1,000, we cannot say that it is excessive.

Judgment affirmed.