## Sandy Valley & Elkhorn Railway Company v. Hughes, et al.

(Decided April 27, 1917.)

## Appeal from Pike Circuit Court.

Damages—Breach of Contract to Grade Land.—In an action against a railroad for damages for breach of a contract to remove earth and stone from plaintiff's land, obligating it to reduce the land from which the earth and stone were taken to the level of the railroad grade and in condition for building purposes, the measure of damages is the difference between the market value of the land in its present condition and what its market value would have been if the land from which the earth and stone were removed had been reduced to the level of the railroad grade and left in condition for building purposes.

HAGER & STEWART and AUXIER, HARMAN & FRANCIS for appellant.

ROSCOE VANOVER and J. S. CLINE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting petition for modification of opinion.

For original opinion, see 172 Ky. 65, 188 S. W. 894.

In preparing our original opinion, we overlooked the fact that the defendant withdrew the plea that the contract, by which it agreed to reduce the land from which the earth and stone were taken to the level of the railroad grade and in condition for building purposes, was subsequently rescinded. That being true, no instruction covering this phase of the case should be given on another trial.

In our original opinion we fixed as the measure of damages the reasonable cost of reducing the land from which the earth and stone were taken to the level of the railroad grade and in condition for building purposes. Upon a reconsideration of the question, we conclude that this measure of damages is incorrect. From plaintiffs' avowal on the first trial it appears that it would cost at least $15,000.00 to do the work required by the contract, and from other testimony in the record it is by no means improbable that the cost would be far in excess of that sum. If this be true, the cost would far exceed the market value of the entire farm. If the contract had

been performed, plaintiff would have had a farm with the place from which the earth and stone were taken reduced to the level of the railroad grade and in condition for building purposes. As the case stands, this provision of the contract has not been complied with. What, then, was plaintiff's damage? Manifestly, not what it would cost to do the work, for, if the work had been done, plaintiff would not have received the cost of the work, but would have been-benefited only to the extent that the work increased the market value of his land. We, therefore, conclude that the measure of damages is the difference between the market value of the farm in its present condition and what its market value would have been if the land from which the earth and stone were removed had been reduced to the level of the railroad grade and left in condition for building purposes. Bigham v. Wabash-Pittsburg Terminal Ry. Co., 223 Pa. 106, 72 Atl. 318; Swinney v. Lewis Construction Co. (Wash.), 119 Pac. 1108.

In view of the foregoing conclusion, the court, on another trial, will give only the following instruction:

"You will find for plaintiffs, and award them such a sum in damages as you may believe from the evidence will fairly represent the difference between the market value of plaintiffs' farm in its present condition and what its market value would have been if the land from which the earth and stone were removed had been reduced to the level of the railroad grade and left in condition for building purposes."

In other respects we see no occasion to change our former opinion.

Wherefore, the petition for modification of the former opinion is granted and the opinion modified as herein indicated.