## City of Harlan v. Eversole.

(Decided March 14, 1933.)

132

ELMON MIDDLETON and C. B. SPICER for appellant.
DANIEL BOONE SMITH and J. G. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the fall of 1929, G. A. Eversole, since deceased, conveyed to the city of Harlan a strip of land to be used for the purpose of widening North Main street. In consideration of the conveyance, the city agreed, among other things, to build such retaining walls as might be necessary to protect the adjoining lands from damage due from slides or washing caused by, or resulting from, the making of the improvements or excavations. It was further agreed that the city should not be held responsible for any slides or breaks already started and existing on the property, or for any damage for reasons other than the excavation and work done in widening the street. The contract contained the further provision that, if at the end of two years it had not become necessary to build a retaining wall, then the city should be held harmless and not required to build any such walls thereafter.

This action was brought by Virgil Eversole as administrator of G. A. Eversole, deceased, and as his successor in title, to recover $20,000 damages for injury

to the remainder of the property from slips, slides, and breaks, resulting from the failure of the city to erect retaining walls, and but for which failure the slips and slides would not have occurred. A trial before a jury resulted in a verdict and judgment for $2,500. The city appeals.

It is first insisted that the city's demurrer to the petition should have been sustained on the ground that it failed to allege that any demand was made on the city to erect retaining walls, or that the damage was not due to slips or slides already started and in existence on the property, or that it became necessary within two years for the city to erect retaining walls. The city did not stand on its demurrer. Evidence was heard without objection, showing that within thirty days after the first slide, and within two years after the execution of the contract, the city was requested to erect a retaining wall, and further showing that a retaining wall was necessary, and, as plaintiff did not seek a recovery for any damage due to any prior slips or slides, but asked for damages only for the injury caused by the city's failure to erect retaining walls, it is at once apparent that the defects in the petition, if any, were merely formal, and were cured by the verdict. Louisville & N. R. Co. v. Miller, 154 Ky. 236, 157 S. W. 8.

It is next insisted that N. R. Denham and H. M. Yeager did not qualify as experts, and should not have been permitted to testify that in their opinion the slides and breaks were due to the widening of the road and cutting of the side slope. The ground was situated on a sloping hillside, and it is almost a matter of common knowledge that, where an excavation is made, and the lateral support is removed, slips and slides will necessarily take place. Certainly it was a matter about which engineers, who had been practicing their professions for many years, could express an opinion, even though they had had no particular experience with land slides resulting from excavations.

As evidence as to what it would cost to erect a retaining wall was all excluded from the jury, the city cannot complain that it was first permitted to go to the jury. The admission of the blueprint prepared by the engineers showing the condition of the land, the height of the embankment, etc., was not error. It presented to the jury a picture of the existing conditions due to

the slides, and bore directly on the question of damage.

Another contention is that the court erred in giving an instruction authorizing a finding of damage not exceeding $20,000, or the amount stated in the petition. The basis of this contention is that the evidence showed damages of only $10,000 or $12,000, and it is claimed that the instruction should have restricted the verdict to that amount. As the damages allowed by the jury were only $2,500, and therefore only one-fourth of the proven damages, it is not perceived how the alleged defect in the instruction was prejudicial.

Lastly it is insisted that the court erred in refusing an offered instruction telling the jury, in substance, to find for the defendant if they believed from the evidence that the slips or slides, or any part thereof, were caused by slides or breaks already started on the property, and in existence at the time the contract was made, and were not caused by the excavation and work done in the widening of the street. As no damages were sought for prior slides or slips, and there was no substantial evidence that they contributed to the new slides or slips, and all the evidence shows that the new slides or slips were caused by the failure of the city to erect a proper retaining wall, we conclude that the failure to give the instruction was not prejudicial error.

The court instructed the jury that the measure of damages was the difference between the market value of plaintiff's property in the year 1930 without the retaining wall, and what its market value would have been if a sufficient retaining wall had been erected or constructed in front of the property. As the city had agreed to construct such retaining walls as might be necessary to protect the adjoining land from damage due to slides or washing caused by or resulting from the making of the improvements or excavations, and failed to do so, and the uncontradicted evidence shows that a retaining wall was necessary, and was not constructed by the city, it cannot be doubted that the measure of damages given by the court was proper. Sandy Valley & E. R. Co. v. Hughes, 175 Ky. 320, 194 S. W. 344.

We find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.