## Consolidated Coach Corporation v. Earl's Adm'r.

(Decided April 28, 1936.)

STOLL, MUIR, TOWNSEND & PARK and R. W. KEENON for appellant.

J. B. SNYDER and C. S. WILSON and B. B. SNYDER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Among a number of bus lines operated by the Consolidated Coach Corporation is one running from Lexington south through Corbin and Williamsburg. Immediately north of Williamsburg and on the opposite side of Cumberland river, there is a very long and steep grade leading to the bridge over Cumberland river. In descending this grade there is a high rock cliff to the left, and on the opposite side a sharp declivity.

On May 15, 1934, a bus of the Consolidated Coach Corporation in descending the hill went over the embankment to the left, overturned, and fell into a hole some distance below the surface of the road, where it was badly wrecked. George Earls, a passenger on the bus, sustained injuries from which he died shortly thereafter. His administrator instituted this action seeking to recover for his death, alleging that the wrecking of the bus which caused and brought about the death of Earls was due to the negligence and carelessness of the driver in its operation.

The answer, in addition to a general denial, in a second paragraph affirmatively alleged contributory negligence upon the part of decedent. The third paragraph consisted of a plea of unavoidable accident, it being alleged that the bus was caused to skid and get out of control of the driver by reason of the slippery condition of the highway. The issues were completed by a traverse of the affirmative allegations of the answer.

Trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $9,000, and defendant's motion and grounds for a new trial having been overruled, it is prosecuting this appeal.

The first ground urged for reversal is that the court erred in admitting incompetent evidence over the objections of appellant. The evidence most severely criticized is that relating to statements made by the driver of the bus, which, without going into detail tends to establish negligence upon his part in the operation of the bus in descending the hill.

It is contended by counsel for appellant that the master or principal is not bound and cannot be affected by admissions or statements of his agent and cite Bell v. Louisville & N. Ry. Co., 216 Ky. 42, 287 S. W. 219, 221, and Gess et al. v. Wilder, 237 Ky. 830, 36 S. W. (2d) 617. These cases are in harmony with and follow the prevailing rule in this and other jurisdictions; however, counsel for appellant recognizes an exception made to this rule where the admission or statements of the agent are part of the res gestæ. As stated in the first case cited in brief for appellant:

"No principle of law is better settled in this jurisdiction than that a principal or master is not bound and cannot be affected by admissions of his agent or servant unless part of the res gestæ."

Counsel for appellee are contending that the statements come within the exception. There is really no controversy between counsel for the respective parties concerning the rule or exception thereto, so the controversy revolves about its application. Some of the statements of the driver as testified to by other witnesses were made while passengers were being removed from the wreck and while the driver was still pinned down. The evidence is indefinite as to when the statements were made with reference to the time of the wreck. Some witnesses indicated that 5 or 10 minutes had elapsed, and others that at least some of the statements testified to were made thirty minutes or more after the wreck and in response to inquiries on the part of others.

In Illinois Cent. R. Co. v. Outland's Adm'x, 160 Ky. 714, 725, 170 S. W. 48, 53, it is said in part:

"Declarations admissible as part of the res gestæ, must, as a general rule, be made by one of the actors in the affair, contemporaneous in point of

time with the particular transaction, at or near to
the place of its occurrence, and must explain the
main fact; but a declaration so far removed in
point of time from the main fact as to make it a
mere narrative of a past transaction or a declara-
tion, which does not explain the principal fact, or
which was made at some distance from the place of
its occurrence, is not admissible as substantive ev-
idence as a part of the res gestæ.''

See, also, Borderland Coal Co. v. Kerns, 165 Ky. 487,
177 S. W. 266; Louisville & N. Ry. Co. v. Molloy's
Adm'x, 122 Ky. 219, 91 S. W. 685, 28 Ky. Law Rep.
1113; Illinois Cent. R. Co. v. Houchins, 125 Ky. 483,
101 S. W. 924, 925, 31 Ky. Law Rep. 93.

As a part of the res gestæ, declarations or state-
ments made or acts done following the happening of
the principal act or event are admissible when so in-
timately connected and interwoven with the principal
fact by surrounding circumstances as to raise a rea-
sonable presumption that the statements were made or
the act done under the immediate influence of the prin-
cipal transaction and as a spontaneous expression of
thought created by or springing out of the transaction
itself, and so near in point of time as to exclude the
presumption that it was the result of premeditation or
design. Chesapeake & O. R. Co. v. Carter's Adm'r,
243 Ky. 268, 47 S. W. (2d) 1014.

The opinion in the Houchins Case, supra, quotes
with approval from an Idaho case (Coffin v. Bradbury,
3 Idaho (Hasb.) 770, 35 P. 715, 95 Am. St. Rep. 37)
wherein it is said:

''Time is not necessarily a controlling element or
principle in the matter of res gestæ, and declara-
tions made under circumstances to warrant the
court in presuming that they grew out of the liti-
gated issue and illustrate the true character of the
transaction, and were dependent upon it, were not
designedly made or devised, for a self-serving
purpose, are evidentiary facts, and not within the
rule applicable to hearsay evidence. Such declar-
ations are admissible, although not made at the
exact time of the occurrence of the principal fact
in issue.''

That opinion and a number of others from this and other jurisdictions recognize the futility of attempting to fix a hard and fast rule respecting time or distance from the principal occurrence. In determining just what shall be admitted in evidence as part of res gestæ, it is generally recognized that the admissibility of such evidence is made to depend upon the particular circumstances in each case. Louisville & N. Ry. Co. v. Johnson's Adm'r, 131 Ky. 277, 115 S. W. 207, 20 L. R. A. (N. S.) 133; Borderland Coal Co. v. Kerns, supra; Greenleaf, sec. 108, and authorities therein cited.

In Kington Coal Co. v. Aaron, 147 Ky. 480, 144 S. W. 371, a statement made by an injured person at the time and place and within a few minutes after the injury happened was held competent as a part of res gestæ. A statement by a railroad engineer made five minutes after a collision causing an injury to a passenger was held competent as part of res gestæ in Illinois Cent. R. Co. v. Houchins, supra; Owensboro City Railroad Co. v. Louisville & N. R. Co., 94 S. W. 22, 29 Ky. Law Rep. 596, statements made by a motorman and conductor on a street car made three or four minutes after the collision were held admissible as part of res gestæ. Other cases holding such statements admissible and the time elapsing between the main occurrence and such statements are: Three minutes, Louisville & N. R. Co. v. Miller, 154 Ky. 236, 157 S. W. 8; two minutes, Louisville & N. R. Co. v. Strange's Adm'x, 156 Ky. 439, 161 S. W. 239; five minutes, Illinois Cent. R. Co. v. Houchins, supra; ten minutes, Louisville & N. R. Co. v. Foley, 94 Ky. 220, 21 S. W. 866, 15 Ky. Law Rep. 17. For other cases holding statements made within a few minutes after the accident competent under the res gestæ rule, see Louisville & N. R. Co. v. Molloy's Adm'x, 122 Ky. 219, 91 S. W. 685, 28 Ky. Law Rep. 1113; Hughes' Adm'r v. Louisville & N. R. Co., 104 Ky. 774, 48 S. W. 671, 20 Ky. Law Rep. 1029; Floyd v. Paducah Ry. & Light Co., 64 S. W. 653, 23 Ky. Law Rep. 1077; South Covington & Cincinnati Street Ry. Co. v. Riegler's Adm'r, 82 S. W. 382, 26 Ky. Law Rep. 666; Lexington Street R. Co. v. Strader, 89 S. W. 158, 28 Ky. Law Rep. 157; Illinois Cent. R. Co. v. Cotter, 103 S. W. 279, 31 Ky. Law Rep. 679; Cincinnati, N. O. & T. P. R. Co. v. Evans' Adm'r,

129 Ky. 152, 110 S. W. 844, 33 Ky. Law Rep. 596; Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084; Fidelity & Casualty Co. v. Cooper, 137 Ky. 544, 126 S. W. 111.

In National Life & Accident Insurance Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422, it appears that insured left the dining room in a hotel where he was stopping and went to his room. In about ten or fifteen minutes he returned to the clerk's desk in a stooped and cramped position and holding his side in such a way as to indicate that he was in great agony. He said he had tripped and fallen against the corner of a small table in his room. The evidence showed that there was a small table in his room with sharp corners. A red spot was observed between his hip and lower ribs. He continued to suffer great pain up until his death the following evening. This court held that his statement at the clerk's desk was admissible under the res gestæ rule. The opinion in that case makes an extensive review of authorities, including many heretofore referred to, and concludes, after referring to the rule deducible therefrom, that spontaneity as distinguished from mere matter of time has come to be the determining factor.

Evidence of statements made from fifteen or twenty minutes to one hour after an accident have been held inadmissible under the res gestæ rule in the following cases: Cincinnati, N. O. & T. P. R. Co. v. Martin, 146 Ky. 260, 142 S. W. 410; Martin v. South Covington, etc., R. Co., 92 S. W. 571, 29 Ky. Law Rep. 148; O'Donnel's Adm'r v. Louisville Electric Light Co., 55 S. W. 202, 21 Ky. Law Rep. 1362; Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S. W. (2d) 408; Chesapeake & O. R. Co. v. Walker's Adm'r, 159 Ky. 237, 167 S. W. 128. See, also Louisville, H. & St. L. R. Co. v. Davis, 106 S. W. 304, 32 Ky. Law Rep. 580; Wade v. Illinois Cent. R. Co. (Ky.) 112 S. W. 1103; Illinois Cent. R. Co. v. Houchins, 121 Ky. 526, 89 S. W. 530, 28 Ky. Law Rep. 499, 1 L. R. A. (N. S.) 375, 123 Am. St. Rep. 205; Hughes' Adm'r v. Louisville & N. R. Co., 104 Ky. 774, 48 S. W. 671, 20 Ky. Law Rep. 1029. National Life & Accident Ins. Co. v. Hedges, supra, refers to Starr v. Ætna Life Ins. Co., 41 Wash, 199, 83 P. 113, 4 L. R. A. (N. S.) 636, where the court held that

statements made by an injured party after an hour had elapsed admissible as part of the res gestæ, but the holding was based on the peculiar circumstances of that case. From the foregoing and other cases from this jurisdiction, it will be found that this court has never gone so far as the Washington court with respect to the time elapsing between the principal event or occurrence and the statement offered in evidence.

One witness for appellee was permitted to testify, over objections of appellant, that he visited the bus driver at the hospital two or three days after the wreck, and in conversation the latter, among other things, said: "I made too much speed and shifted gears and I could not get the bus into gear, and lost control of the bus at this time." Clearly it was prejudicial error to admit this as substantive evidence, since all authorities indicate it would be incompetent as part of res gestæ after such a lapse of time. The evidence is indefinite and confusing as to when with reference to the accident, the driver made the statement at the scene, so we can only say that under the authorities cited, and in the proven circumstances, evidence of statements made by the driver as much as thirty minutes after the accident should not have been admitted under the res gestæ rule; but should have been limited to statements made within five to ten minutes following the accident and to the first person or persons to whom the driver talked.

Complaint is also made that witnesses were permitted to give an estimate of decedent's annual earnings without knowledge thereof or without the facts upon which to base their estimates. The evidence should have been confined to facts and not to mere conclusions of the witnesses.

Since there may be another trial of this case, we think it proper, before passing from a discussion of the evidence, to say that the court improperly excluded the evidence of Mrs. Brimm as to the speed of the bus immediately before the accident. She testified that her attention was called to it because she noticed it was going "real fast." In many jurisdictions courts refuse to permit a witness to state whether an automobile was traveling fast or slow, the refusal being based

on the theory that one witness might call a movment fast while another would call it slow. A witness may not be able to testify as to speed in terms of miles per hour, and yet be able from observation of relative rates of speed of motor vehicles to say whether the car was going slowly or swiftly. A witness who displays such knowledge gathered from observations of the relative speed of motor vehicles may be permitted to testify that the automobile was moving swiftly when he observed it. See Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S. W. (2d) 584; 9 Blashfield's Cyc. of Automobile Law (Permanent Ed) sec. 6236.

It is earnestly argued by counsel for appellant that the court erred in refusing to direct a verdict for appellant at the conclusion of appellee's testimony and at the conclusion of all the testimony; that the instructions given are erroneous; and also that the court erred in not giving instructions offered by appellant.

Without going into a detailed statement, we deem it sufficient to say that appellant claims and attempts to establish that the accident was not due to any negligence upon the part of the driver of the bus, but was due to unavoidable and inevitable accident resulting from the wet and slippery condition of the highway. However, the evidence and the natural and reasonable inferences arising therefrom conduce to show that this was a rainy morning and the wet and slippery condition of the road was known to the driver before he started descending the hill. This was an unusually steep hill with a sharp curve near the bottom, and it is very apparent from the evidence that, in the circumstances, the bus was being operated at too high a rate of speed and not under proper control. It is a rule so commonplace as to require no citation of authority that where there is any evidence of probative and substantive value to support a cause of action, the case should be submitted to the jury. It is therefore apparent that the court did not err in overruling appellant's motion for a directed verdict.

Instruction No. 1 told the jury in effect that decedent was a passenger on the bus and it was the duty of appellant to exercise the highest degree of care to transport him safely to his destination; that if the jury

believed from the evidence that the driver permitted the bus to leave the highway and wreck and turn over, thereby causing the death of George Earls, such facts were sufficient evidence to warrant a finding that appellant was negligent, and the jury might so find unless they believed from the evidence that the accident was not due to defendant's negligence, and in which latter event they would find for appellant. It is argued that negligence should not be presumed, but that the party alleging it had the burden of establishing it. In the case of Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768, 770, where a bus ran off the highway injuring a passenger, a similar contention was made. In the course of the opinion it is said:

"While there is no testimony of any specific negligent act of the driver in operating the bus, it is very apparent that the car would never have left the road had it been properly operated. The fact itself indicates negligence. It is true, generally speaking, that negligence is never presumed, but negligence may be inferred from proof of facts or circumstances. (Citing authorities.) The fact that the bus left the road under the circumstances shown is sufficient to support the plea of negligent operation."

Here, as already indicated, there is evidence of negligence on the part of the driver in operating the bus, making a stronger case for appellee than was made for the passenger in the Hopkins Case. That case is conclusive of the question presented and demonstrates beyond controversy that the instruction fairly and fully presented the issues made by pleading and proof.

Instruction No. 2, which is called in question, fixed the measure of damages as such sum as would reasonably compensate the estate of decedent for the destruction of his power to earn money, not exceeding the amount claimed in the petition. This instruction correctly fixed the measure of damages. Allender Co. v. Browning's Adm'x, 242 Ky. 273, 46 S. W. (2d) 116, 119, and authorities therein cited.

Instruction No. 3 properly defined the terms "highest degree of care" and "negligence" as used in the

instruction, and No. 4 was the usual instruction authorizing a verdict by nine or more. It is our conclusion that the instructions given were not erroneous, and since they fairly submitted all issues made, the court did not err in refusing to give instructions offered by appellant. It will be unnecessary to discuss other grounds urged for reversal, since they will not likely occur in the event of another trial.

For the reasons indicated the judgment is reversed, and cause remanded for proceedings consistent with this opinion.