## LOUISVILLE TAXICAB & TRANSFER CO. et al. v. CRANE.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Robert L. Page, Louisville, for appellants.

Joseph E. Stopher, A. J. Deindoerfer, J. L. Kilgarriff, Louisville, for appellee.

COMBS, Justice.

The appellee, Mrs. Alma Crane fell from one of appellant's taxicabs in which she was riding as a passenger and struck the back of her head against the pavement. She charges that the taxicab was traveling at an excessive rate of speed and that when it stopped abruptly for a traffic light the rear door flew open, causing her to fall headfirst onto the pavement. The unusual position in which she fell may be explained by the fact she was holding a young baby in her arms at the time. The jury awarded her damages in the sum of $5,130.

The Taxicab Company complains of the admission of certain evidence relating to the speed of the taxicab; the instructions on the measure of damages; and the size of the verdict.

Mrs. Crane testified the taxicab was traveling "pretty fast" and estimated the speed at 40 to 50 miles per hour. Her daughter, who was also a passenger in the taxicab, testified it was "going fast" but did not estimate the speed in terms of miles per hour. Counsel for the company offered no objection to this testimony at the time of its introduction, but attempted to, and did, contradict Mrs. Crane by showing she had previously testified, by deposition, that she could not estimate the speed of the taxicab.

■ During the course of the daughter's interrogation, counsel for the company moved the court to strike from the record the testimony of both Mrs. Crane and her daughter relating to the speed of the taxicab. The motion was predicated upon the theory neither of the witnesses was qualified to express an opinion as to the speed of the taxicab. We think the testimony of the daughter that the taxicab was "going fast" was competent. Wilburn v. Simons, 302 Ky. 752, 196 S.W.2d 356; Consolidated Coach Corp. v. Earl's Adm'r, 263 Ky. 814, 821, 94 S.W.2d 6.

■ Mrs. Crane's testimony presents a closer question but we are of the opinion the competency of her testimony was waived. Instead of objecting to Mrs. Crane's testimony, counsel for the company elected to contradict her by her previous statements. The court and opposing counsel thereby had the right to assume the witness' qualifications on this subject were admitted. Having elected to rely upon the effect of contradictory statements by the witness rather than on the incompetency of her testimony, counsel may not later reverse his position and have the testimony of the witness stricken. A party may not invite an error and then take advantage of it. Wathen v. Mackey, 300 Ky. 115, 187 S.W.2d 1000. It is unnecessary, therefore, for us to pass upon the competency of Mrs. Crane's testimony on the matter of speed.

■ The verdict of the jury is liberal but we are not prepared to say it is excessive. Some injury to the back of Mrs. Crane's head is established. The doctor who saw her the day after the accident found a lump on the back of her head about the size of half a lemon and diagnosed her injury as a concussion of the brain. She was advised to go to a hospital. She did not go but did make some ten or twelve trips to the doctor's office for treatment over a period of four months following the accident. This doctor, and another who treated her on at least one occasion, testified she has a traumatic neuritis caused by injury to a nerve. Both doctors found the muscles at the back of her neck to be in a spastic condition, caused by irritation of the nerve. These doctors testified the injuries were permanent in nature to the extent that the patient would probably have recurring symptoms of pain and headaches.

Mrs. Crane testified she has severe headaches accompanied by nausea and vomiting when she exerts herself to any extent, and that the partial deafness which she had prior to the injury has grown worse. She also testified that on occasion she has drawing pains in her arms and neck.

A doctor who examined Mrs. Crane for the Taxicab Company found little or nothing wrong with her. An ear specialist, who examined her at the court's request, testified that her partial deafness is the result

of natural causes and has not been affected by the injury.

 To a layman Mrs. Crane's symptoms might seem exaggerated or far-fetched. But two reputable doctors have testified that in their opinion she has a permanent disability as a result of her injury. In view of this testimony the court properly gave an instruction on permanent injury. The jury saw and heard plaintiff and her witnesses and this court is not authorized to substitute its judgment for that of the medical experts who were in position to know about the extent and permanency of the injury.

The judgment is affirmed.